**RADICE LAW FIRM**
John Radice (Bar No. 023612004)
475 Wall Street
Princeton, NJ 08540
Telephone: 646-245-8502
Facsimile:  609-385-0745
jradice@radicelawfirm.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
John T. Jasnoch (*pro hac vice*)
jjasnoch@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile: 619-236-0508

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAYLOR GOINES, Individually and on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CELSIUS NETWORK, LLC, CELSIUS LENDING, LLC, CELSIUS KEYFI LLC, ALEXANDER MASHINSKY, SHLOMI "DANIEL" LEON, DAVID BARSE, and ALAN JEFFREY CARR,<br><br>Defendants. | Case No. 2:22-cv-04560 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL

# TABLE OF CONTENTS

I.     PRELIMINARY STATEMENT ...................................................................................1

II.    FACTUAL BACKGROUND .....................................................................................2

III.   PROCEDURAL HISTORY.......................................................................................4

IV.   ARGUMENT .............................................................................................................4

       A.     Movants Satisfy the PSLRA's Requirements for Appointment as Lead
              Plaintiff ..............................................................................................................4

            1.     Movants' Motion Is Timely ...................................................................6

            2.     Movants Have the Largest Financial Interest in the Relief Sought
                   by the Class ............................................................................................6

            3.     Movants Satisfy the Requirements of Rule 23 of the Federal Rules
                   of Civil Procedure .................................................................................6

                  a.     Movants' Claims Are Typical........................................................8

                  b.     Movants Are Adequate Representatives .........................................8

       B.     The Court Should Approve Lead Plaintiff's Choice of Counsel ...........................9

       C.     Scott+Scott and Radice Should Be Appointed as Lead and Liaison
              Counsel of the Non-Securities Claims ................................................................10

V.     CONCLUSION........................................................................................................13

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bernhard v. TD Bank, N.A.*,
   No. CIV.08-4392RBK/AMD, 2009 WL 3233541 (D.N.J. Oct. 5, 2009).................................7

*Dewey v. Volkswagen Aktiengesellschaft*,
   681 F.3d 170 (3d Cir. 2012)...............................................................................................8

*Duncan v. Governor of Virgin Islands*,
   No. 21-3024, 2022 WL 3906213 (3d Cir. Aug. 31, 2022) .....................................................8

*Garbaccio v. St. Joseph's Hosp. & Med. Ctr. & Subsidiaries*,
   No. CV 16-2740 (JMV), 2017 WL 1196458 (D.N.J. Mar. 13, 2017) ...................................10

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ............................................................................................5

*In re Cmty. Bank of N. Virginia*,
   622 F.3d 275 (3d Cir. 2010)..............................................................................................7

*In re Nat'l Football League Players Concussion Inj. Litig.*,
   821 F.3d 410 (3d Cir. 2016)..............................................................................................8

*In re Terazosin Hydrochloride*,
   220 F.R.D. 672 (S.D. Fla. 2004) .....................................................................................11

*In re Vanguard Chester Funds Litig.*,
   No. CV 22-955, 2022 WL 3971053 (E.D. Pa. Sept. 1, 2022) ...............................................10

*Int'l Union of Operating Engineers Loc. No. 478 Pension Fund v. FXCM Inc.*,
   No. 15-cv-3599, 2015 WL 7018024 (S.D.N.Y. Nov. 12, 2015)...............................................5

*Koertge v. LG Elecs. USA, Inc.*,
   No. 212CV06204JLLMAH, 2013 WL 12153599 (D.N.J. Dec. 3, 2013).................................7

**Statutes, Rules, and Regulations**

15 U.S.C.

§78u-4(a)(1) ...................................................................................................4

§78u-4(a)(3)(A)(i) ..........................................................................................4

§78u-4(a)(3)(B) ..............................................................................................6

§78u-4(a)(3)(B)(iii)(I) ....................................................................................5

§78u-4(a)(3)(B)(iii)(I)(cc) ..............................................................................6

§78u-4(a)(3)(B)(iii)(II)(aa) .............................................................................9

§78u-4(a)(3)(B)(v) ..........................................................................................9

§78u-4(a)(3)(B)(i) ...........................................................................................4

§78u-4(a)(3)(B)(iii)(I)(cc) ..............................................................................6

Federal Rules of Civil Procedure

Rule 23 ..................................................................................................*passim*

Rule 23(a) ...................................................................................................6, 8

Rule 23(a)(3) ..................................................................................................7

Rule 23(a)(4) ..................................................................................................7

Rule 23(g)(1)(A) ...........................................................................................10

**Other Authorities**

MANUAL FOR COMPLEX LITIGATION (Fourth)

§10.221 ........................................................................................................10

§10.224 ........................................................................................................10

## I.     PRELIMINARY STATEMENT

Plaintiff Taylor Goines, together with Lead Plaintiff Movants Zack Kaplan, Eli Kaplan, Ben Kaplan, Michael Kaplan, and Michael Mazzotta ("Celsius Investor Movants") hereby respectfully move this Court for appointment as Lead Plaintiffs pursuant to Section 21D(a)(3)(b) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). Celsius Investor Movants further move for approval of their selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") and Radice Law Firm ("Radice") as Lead and Liaison Counsel, respectively, for the class. Finally, Celsius Investor Movants move for an order appointing Scott+Scott and Radice as Lead and Liaison Counsel to prosecute the non-securities claims asserted in the complaint.

The relief sought by Celsius Investor Movants are precisely what the framers of the PSLRA hoped to accomplish by enacting the PSLRA's lead plaintiff provision. Pursuant to the PSLRA, the person or group with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of Class members.

The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff. Celsius Investor Movants believes that they are the "most adequate plaintiff" as defined by the PSLRA and should be appointed lead plaintiff based on their substantial financial losses suffered as a result of Defendants' wrongful conduct as alleged in the above-referenced action. Moreover, Celsius Investor Movants satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other Class members' claims, and they are committed to fairly and adequately represent the interests of the Class. Celsius Investor Movants believe that their

financial interest in this action are the largest of any Class member seeking appointment as lead plaintiff in this action. Celsius Investor Movants are not aware of any other Class member that filed an action or filed an application for appointment as lead plaintiff that suffered greater losses due to defendants' misconduct. In addition, Celsius Investor Movants satisfy each of the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure, and therefore are qualified for appointment as lead plaintiff in this action. Thus, pursuant to the PSLRA's lead plaintiff provision, Celsius Investor Movants are presumptively the most adequate plaintiff and should be appointed Lead Plaintiff for the Class.In addition, the Court should approve Celsius Investor Movants' selection of Counsel for the Class.

## II.     FACTUAL BACKGROUND

This is a class action on behalf of persons in the United States who purchased Celsius Financial Products by way of a Celsius Earn Rewards Account, the Company's so-called native "CEL Tokens," and/or the Celsius Loans (collectively referred to as the "Celsius Financial Products") from February 9, 2018 to the present (the "Relevant Period"). ¶1.

Celsius is a financial services company that generates revenue through cryptocurrency trading, lending, and borrowing, the sale of its unregistered securities, as well as engaging in proprietary trading. Celsius has offered and sold Celsius Earn Rewards Accounts to investors, through which investors lend crypto assets to Celsius in exchange for Celsius' promise to provide a variable monthly interest payment. Celsius generated the interest paid out to Earn Rewards Account investors by deploying its assets in various ways, including loans of crypto assets made to institutional and corporate borrowers, lending U.S. dollars and stablecoins to retail investors, and by investing in other highly speculative cryptocurrency ventures. Celsius then pools these cryptocurrencies together to fund its lending operations and proprietary trading. ¶2-3.

Celsius investors are promised a better-than-market interest rate that is paid monthly in cryptocurrency in exchange for investing in the Earn Rewards Accounts.  The Earn Rewards Accounts are not registered with the United States Securities and Exchange Commission ("SEC"), the New Jersey Commissioner of Corporations ("Commissioner"), or any other securities regulatory authority, or are they exempt from registration.  On or around July 20, 2021, the SEC issued a cease-and-desist order to Celsius requiring the Company to "halt[] the offer and sale of these unregistered securities."  ¶¶4, 9.

In June 2022, the cryptocurrency market in general faced a downtrend, with the prices of digital assets decreasing across the board.  This broader market downturn exposed the fragility of the Celsius ecosystem and, more importantly, that Celsius did not have enough assets on hand to meet its withdrawal obligations.  ¶8.  On June 13, 2022, Celsius froze all accounts.  According to their official announcement, this was done "due to extreme market conditions in order to stabilize liquidity and operations while we take steps to preserve and protect assets."  ¶110.  On July 13, 2022, the same day this action was filed, Celsius filed for bankruptcy (*In re Celsius Network LLC*, No. 22-10964 (Bankr. S.D.N.Y. July 13, 2022)).

The action alleges that that Defendants[1] violated provisions of the Securities Exchange Act of 1934 by carrying out a plan, scheme, and course of conduct that Celsius intended to and did deceive retail investors and thereby caused them to purchase Celsius Financial Products at artificially inflated prices; endorsed false statements they knew or recklessly should have known were material misleading, and they made untrue statements of material fact and omitted to state material facts necessary to make the statements made not misleading.

---

[1]     Defendants are Celsius Network LLC, Celsius Lending LLC, Celsius KeyFi LLC, and company executives Alexander Mashinsky, Shlomi "Daniel" Leon, David Barse, and Alan Jeffrey Carr.

The complaint further alleges that Celsius and its affiliates, along with the Individual Defendants, also violated provisions of the Securities Act by selling non-exempt securities without registering them.  The complaint alleges that Celsius and Individual Defendants violated provisions of the Securities Act by also participating in Celsius' failure to register the Celsius Financial Products.  Finally, the complaint alleges that the Defendants violated provisions of the New Jersey Common Law by unlawfully possessing the monetary value of Celsius Financial Products, which rightfully belongs to Celsius Investor Movants and other members of the Class.

## III.   PROCEDURAL HISTORY

Plaintiff Taylor Goines ("Goines") commenced the above-captioned case against Defendants on July 13, 2022 in the United States District Court, District of New Jersey, *Goines v. Celsius Network, LLC*, No. 3:22-cv-04560.  On July 15, 2022, counsel for Plaintiff published a notice on Business Wire, announcing that a securities class action had been initiated against defendants herein.

On August 15, 2022, Plaintiff consented the Individual Defendants' request to extend the time to answer, move, or otherwise respond to the complaint to 30 days following the Court's appointment of a lead plaintiff in the case.

## IV.   ARGUMENT

### A.   Celsius Investor Movants Satisfy the PSLRA's Requirements for Appointment as Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Securities Exchange Act of 1934] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i).  This notice shall advise members of the class of: (1) the pendency of

the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within 60 days of publication of the notice.  Here, adequate notice was published on July 15, 2022, through Business Wire.  *See* Declaration of John Radice (the "Radice Decl."), Ex. A.

Next, the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff is the member of the class that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *See also Int'l Union of Operating Engineers Loc. No. 478 Pension Fund v. FXCM Inc*., No. 15-cv-3599, 2015 WL 7018024, at *2 (S.D.N.Y. Nov. 12, 2015) ("FXCM").

The presumption in favor of appointing a plaintiff as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(b)(iii)(I).  As set forth below, Celsius Investor Movants have complied with all of the PSLRA's requirements, and they satisfy all of the criteria to be appointed lead plaintiff.  Celsius Investor Movants, to the best of their knowledge, have the largest financial interest in this litigation, satisfies the relevant requirements of Rule 23 and are not aware of any unique defenses defendants could raise against them that would render them inadequate to represent the class.  Accordingly, Celsius Investor Movants respectfully submit that they should be appointed lead plaintiff.  *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the

5

largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff.").

### 1. Celsius Investor Movants' Motion Is Timely

Celsius Investor Movants have timely filed this Motion within 60 days of the July 15, 2022 publication of notice and have duly signed and filed sworn certifications evidencing, among other things, their willingness to serve as a representative party on behalf of the class. *See* Radice Decl., Ex. B. Accordingly, Celsius Investor Movants satisfy the individual requirements of the PSLRA, 15 U.S.C. §78u-4(a)(3)(B) and are entitled to have their application for appointment as lead plaintiff considered by the Court.

### 2. Celsius Investor Movants Have the Largest Financial Interest in the Relief Sought by the Class

Celsius Investor Movants purchased unregistered Celsius Financial Products during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, have financial interests in this litigation well in excess of $3 million. *See* Radice Decl., Ex. B (Plaintiff Certifications). Celsius Investor Movants were locked out of their accounts, unable to make withdrawals following the June 13, 2022, account freeze. To the best of their knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest. Therefore, Celsius Investor Movants satisfy the PSLRA's prerequisite of having "the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).

### 3. Celsius Investor Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this stage of the proceedings, Rule 23(a) generally requires that the claims

of representative parties be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class.  *See* Fed. R. Civ. P. 23.  As detailed below, Celsius Investor Movants satisfy the typicality and adequacy requirements.

The typicality requirement of Rule 23(a)(3) is met where "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  *Bernhard v. TD Bank, N.A.*, No. CIV.08-4392RBK/AMD, 2009 WL 3233541, at *4 (D.N.J. Oct. 5, 2009).  The adequacy requirement of Rule 23(a)(4) entails considerations of whether a proposed representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  "The inquiry that a court should make regarding the adequacy of representation requisite of Rule 23(a)(4) is to determine that the putative named plaintiff has the ability and the incentive to represent the claims of the class vigorously . . . and that there is no conflict between the individual's claims and those asserted on behalf of the class."  *In re Cmty. Bank of N. Virginia*, 622 F.3d 275, 291 (3d Cir. 2010).  Here, Celsius Investor Movants meet the typicality and adequacy requirements because, like all other members of the purported class, they purchased the unregistered Celsius Financial Products during the Class Period in reliance upon defendants' false and misleading statements and suffered damages thereby.  Celsius Investor Movants' claims are premised on the same legal and remedial theories and are based on the same types of alleged misrepresentations and omissions as the class's claims.

Celsius Investor Movants' financial interest demonstrate that they have a sufficient incentive to ensure vigorous advocacy.  Celsius Investor Movants do "not have interests that are antagonistic to the Class" that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent.  *Koertge v. LG Elecs. USA, Inc.*, No. 212CV06204JLLMAH, 2013 WL 12153599, at *2 (D.N.J. Dec. 3, 2013).  Consequently,

Celsius Investor Movants have demonstrated that they meet all the PSLRA's requirements for a lead plaintiff, and their request for appointment as lead plaintiff should therefore be granted.

### a.  Celsius Investor Movants' Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory.  *See In re Nat'l Football League Players Concussion Inj. Litig.*, 821 F.3d 410, 428 (3d Cir. 2016).  Rule 23 does not require the lead plaintiff to be identically situated with all class members.  *Id.*

Celsius Investor Movants' claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Celsius Investor Movants allege that the sale of unregistered Celsius Financial Products and the fraudulent misstatements concerning them violated the federal securities laws.  Celsius Investor Movants, like all of the members of the Class, invested in Celsius Financial Products in reliance on Defendants' alleged misstatements and omissions and were damaged thereby.  Accordingly, Celsius Investor Movants' interests and claims are "typical" of the interests and claims of the Class.

### b.  Celsius Investor Movants Are Adequate Representatives

The adequacy prerequisite demands that the representative parties will fairly and adequately protect the interests of the class. "Its primary purpose is to determine whether the named plaintiffs have the ability and the incentive to vigorously represent the claims of the class. Thus, for a class representative to be adequate, she must "have a minimal degree of knowledge about the case and have no conflict of interest with class counsel and members of the class[.]"  *Duncan v. Governor of Virgin Islands*, No. 21-3024, 2022 WL 3906213, at *10 (3d Cir. Aug. 31, 2022) (internal citations omitted); *see also Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170, 183 (3d Cir. 2012)

("[T]he linchpin of the adequacy requirement is the alignment of interests and incentives between the representative plaintiffs and the rest of the class.").

The Celsius Investor Movants have agreed to work cooperatively together to prosecute this action against Defendants. *See* Joint Declaration in Support of Motion for Appointment as Lead Plaintiffs and Approval of Lead Counsel (Exhibit C). Celsius Investor Movants have <u>further</u> demonstrated their adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and their financial losses ensure that they have sufficient incentive to provide vigorous advocacy. *See* Radice Decl., Exh. C. Celsius Investor Movants are not aware that any conflict exists between their claims and those asserted on behalf of the Class. Likewise, the Celsius Investor Movants are not individually or collectively subject to any unique defenses.

**B.      The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Here, Celsius Investor Movants have selected Scott+Scott Attorneys at Law LLP as Lead Counsel for the class with Radice Law Firm as Liaison Counsel – law firms with extensive experience and substantial expertise in complex class action and securities litigation – to pursue this litigation on his behalf and will retain these firms as plaintiff's Lead Counsel and Liaison Counsel in the event Celsius Investor Movants are appointed Lead Plaintiff.  As reflected by the firms' résumés, attached to the Radice Decl. as Exs. D and E, the Court may be assured that, by granting Celsius Investor Movants' motion, the Class will receive the highest caliber of legal representation.  Accordingly, the Court should approve Celsius Investor Movants' selection of counsel.

**C.      Scott+Scott and Radice Should Be Appointed as Lead and Liaison Counsel of the Non-Securities Claims**

Scott+Scott and Radice have devoted substantial time and resources to pioneer the non-securities legal theories asserted in this litigation and is prepared to advance the necessary resources to prosecute all claims.  Appointing lead counsel for the non-securities claims would ensure efficient management of the litigation and the protection of all plaintiffs' interests.  *See* MANUAL FOR COMPLEX LITIGATION (Fourth) §10.221 ("The most important [factor in appointing lead counsel] is achieving efficiency and economy without jeopardizing fairness to the parties. . . .").

The criteria for appointing lead counsel for complex non-securities class claims include "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class."  Fed. R. Civ. P. 23(g)(1)(A); *accord In re AT&T Mobility Wireless Data Servs. Tax Litig*., MDL No. 2147, ECF No. 47 at 2-3 (N.D. Ill. June 23, 2010) (St. Eve, J.) (applying same criteria for lead counsel); *see also* MANUAL FOR COMPLEX LITIGATION §10.224.

Scott+Scott and Radice's substantial efforts were instrumental in developing the claims in this litigation.  In appointing lead counsel, courts consistently recognize that such efforts are crucial.  *See Garbaccio v. St. Joseph's Hosp. & Med. Ctr. & Subsidiaries*, No. CV 16-2740 (JMV), 2017 WL 1196458, at *3 (D.N.J. Mar. 13, 2017) (giving weight to the movant that pled "theories of relief providing a more comprehensive protection for plaintiffs and the class").  Similarly, courts give some weight to which firm investigated and filed the first complaint.  *See In re Vanguard Chester Funds Litig.*, No. CV 22-955, 2022 WL 3971053, at *4 (E.D. Pa. Sept. 1, 2022) ("When the firm that was first to investigate and first to file also included additional theories of relief providing a more

comprehensive protection for plaintiffs and the class, that firm has set itself apart in terms of the first factor of identifying or investigating potential claims."). Here, Scott+Scott and Radice attorneys have filed a 68-page, thoroughly investigated complaint that sets forth in great detail the violations of law perpetrated by Defendants herein. Moreover, Scott+Scott has been actively monitoring the related Celsius bankruptcy proceedings and has consulted with (and is in the process of retaining) known bankruptcy counsel to help coordinate and ensure that the class's interests are being protected in the bankruptcy proceedings as well as in this litigation.

Scott+Scott has a track record of success in similar cases, and the firm's "experience in, and knowledge of, the applicable law" also justify its selection as lead counsel over the non-securities claims. *In re Terazosin Hydrochloride*, 220 F.R.D. 672, 702 (S.D. Fla. 2004). Scott+Scott is a preeminent litigation law firm with attorneys in offices in San Diego, New York City, London, Amsterdam, Berlin, Richmond, Connecticut, and Cleveland, with a concentration in consumer protection, antitrust and securities litigation. Scott+Scott has already been appointed lead counsel in a strikingly similar cryptocurrency-related lawsuit, involving misleading marketing by celebrity promotors. *See In re Ethereum Max Investor Litigation*, No. 2:22-cv-00163-MWF-(SKx) (C.D. Cal) (ECF No. 29); *Bill Merewhuader v. SafeMoon LLC*, No. 2:22-cv-01108. In addition, recently as co-lead counsel, Scott+Scott recovered more than $2.3 billion in settlements for investors injured by collusion to manipulate foreign exchange rates and benchmark prices. *See In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No. 13-CV-7789, ECF No. 925 (S.D.N.Y. Jan. 12, 2018). Mediator Kenneth R. Feinberg concluded that the settlement "represent[ed] some of the finest lawyering toward a negotiated resolution that I have witnessed in my career" and that Scott+Scott attorneys were "superlative, sophisticated, and determined plaintiff's lawyers." *Id.*, ECF No. 926, ¶29.

Likewise, the Radice Law Firm's practice focuses on class actions and other complex litigations.  The Radice Law Firm has had a significant role in class actions alleging market manipulation in the financial industry, including *In re Foreign Exchange; In re Mexican Government Bonds Antitrust Litigation*, No. 18-cv-2830 (S.D.N.Y.); *In re Treasury Securities Auction Antitrust Litigation*, No. 15-md-2673 (S.D.N.Y.); and *Anastasio v. Total Gas & Power North America, Inc.*, No. 15-cv-9689 (S.D.N.Y.), has helped to achieve substantial recoveries for plaintiffs and classes including *In re Foreign Exchange*; *In re Ranbaxy Generic Drug Application Antitrust Litigation*, No. 19-md-2878 (D. Mass.) ($340 million settlement); *In re Lidoderm Antitrust Litigation*, No. 14-md-2521 (N.D. Cal.) ($166 million settlement); and *In re Dental Supplies Antitrust Litigation*, No. 16-cv-696 (E.D.N.Y.) ($80 million settlement), and has been appointed or served as lead or co-lead counsel in class actions including *Simon and Simon, PC v. Align Technology, Inc.*, No. 20-cv-3754 (N.D. Cal.); *Filannino-Restifo v. TD Bank, N.A.*, No. 16-cv-2374 (D.N.J.); *Chepiga v. Conair Corp.*, No. 17-cv-1090 (D.N.J.); and *In re: Inclusive Access Course Materials Antitrust Litigation*, No. 20-md-2946 (S.D.N.Y.).  Radice Law Firm attorneys have a thorough understanding of securities law and cryptocurrency, and the firm filed a class action complaint against entities involved in the cryptocurrency exchange Bitfinex and in the stablecoin Tether, alleging that those entities used Tether to manipulate the price of bitcoin and bitcoin futures (*Young v. iFinex Inc.*, No. 20-cv-169 (S.D.N.Y.)).

Scott+Scott and Radice are committed to devote the necessary amount of time and money without guarantee of reimbursement and counsel's proven record of devoting substantial resources to prosecute class actions clearly supports appointment as lead counsel over the non-securities claims. *See* Jasnoch Decl., ¶7.  *See In re Syngenta AG MIR 162 Corn Litig.*, MDL No. 2591, ECF No. 67 at

12

1-2 (D. Kan. Jan. 22, 2015) (appointing lead counsel that will "bring the resources necessary to sustain this litigation").

## V.      CONCLUSION

For the foregoing reasons, Celsius Investor Movants respectfully asks the Court to grant their Motion and enter an Order, substantially in the form of the proposed order filed herewith: (1) appointing Celsius Investor Movants as lead plaintiff; (2) approving Celsius Investor Movants' selection of Scott+Scott Attorneys at Law LLP as Lead Counsel with Radice Law Firm as Liaison Counsel for the proposed class; (3) appointing Scott+Scott and Radice as Lead and Liaison Counsel, respectively for the non-securities claims; and (4) granting such other relief as the Court may deem just and proper.

Dated: September 13, 2022                     Respectfully submitted,

                                              **RADICE LAW FIRM**

                                               *s/ John Radice*
                                              John Radice (Bar No. 023612004)
                                              475 Wall Street
                                              Princeton, NJ 08540
                                              Telephone: 646-245-8502
                                              Facsimile:  609-385-0745
                                              jradice@radicelawfirm.com

                                              **SCOTT+SCOTT ATTORNEYS AT LAW LLP**
                                              John T. Jasnoch (*pro hac vice*)
                                              600 W. Broadway, Suite 3300
                                              San Diego, CA 92101
                                              Telephone: 619-233-4565
                                              Facsimile: 619-236-0508
                                              jjasnoch@scott-scott.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Johnathan M. Zimmerman (204322016)
Sean T. Masson (*pro hac vice* forthcoming)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
jzimmerman@scott-scott.com
smasson@scott-scott.com

*Attorneys for Plaintiff and the Proposed Lead
Counsel*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on September 13, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

DATED:  September 13, 2022

*s/ John Radice*
JOHN RADICE (Bar No. 023612004)
