# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TAYLOR GOINES, Individually and on Behalf of Itself and All Others Similarly Situated, | : : : : : | Civil Action No. 2:22-cv-04560(KM)(ESK) |
| *Plaintiff*, | : : | |
| v. | : : : | |
| CELSIUS NETWORK, LLC, CELSIUS LENDING, LLC, CELSIUS KEYFI LLC, ALEXANDER MASHINSKY, SHLOMI "DANIEL" LEON, DAVID BARSE, and ALAN JEFFREY CARR, | : : : : : : : | |
| *Defendants*. | : : | |

## OPPOSITION OF JONATHAN HOLT AND MATTHEW COFFEY TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL

**LITE DEPALMA GREENBERG & AFANDOR, LLC**
Joseph J. DePalma
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com

*Counsel for Plaintiffs and the Proposed Class*

[Additional counsel listed below]

924129.2

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... i

I.    INTRODUCTION ........................................................................................................1

II.   STATEMENT OF ISSUES TO BE DECIDED ...........................................................2

III.  ARGUMENT ................................................................................................................2

      A.   While the Celsius Investor Group Appears to Satisfy the PSLRA's
          Requirements, Messrs. Holt and Coffey Remain Ready and Willing to
          Serve as Lead Plaintiff ......................................................................................2

      B.   Chrishan de Almeida Does Not Qualify for the PSLRA's Presumption .................3

IV.   CONCLUSION .............................................................................................................3

924129.2

## **TABLE OF AUTHORITIES**

*Augilar v. Vitamin Shoppe, Inc.*,
    2018 WL 1960444 (D.N.J. April 25, 2018) ........................................................................2

*In re Cedant Corp. Litigation*,
    264 F.3d 201 (3d Cir. 2001) ................................................................................................3

I.     **INTRODUCTION**

On September 13, 2022, five competing motions seeking appointment as lead plaintiff and approval of selection of lead counsel were filed with this Court. Two of those Movants, the Celsius Investor Group represented by Bragar Eagel & Squire, P.C. and Dernesch and Robertson represented by Pomerantz LLP, have filed Non-Oppositions to the competing motions. ECF No. 26, 27.

There are thus three motions that remain pending before the Court: (1) Zack Kaplan, Eli Kaplan, Ben Kaplan, Michael Kaplan, and Michael Mazzota (the "Celsius Investor Movants") who claim "financial interests in this litigation well in excess of $3 million"; (2) Johnathon Holt and Matthew Coffey (the "Holt Group") with approximately $3 million in losses; and (3) Chrishan de Almeida who claims loses of "approximately $370,654."

The Celsius Investor Movants appear to have the greatest financial interest in this litigation and appear to satisfy the Rule 23 requirements at this stage. Nevertheless, the Holt Group remains ready and willing to serve as lead plaintiff if the Celsius Investor Movants are deemed inadequate or atypical.

Movant Chrishan de Almeida claims a far smaller financial interest than the Holt Group. In fact, de Almeida's claimed losses of approximately $370,654 are dwarfed by the individual losses of both members of the Holt Group. Mr. Holt purchased approximately $1,640,998 worth of Earn Rewards Account Securities, has not sold any, and is no longer able to sell or redeem those Securities at all. ECF 12-2, Ex. A, Holt PSLRA Certification. Mr. Coffey purchased approximately $1,378,326 worth of Earn Rewards Account Securities in June 2022 and is no longer able to sell or redeem these Securities at all. *Id.*, Ex. B, Coffey PSLRA Certification. Consequently, de Almeida's Motion should be denied.

**II.     STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether the Court should deny the competing motions and grant Messrs. Holt and Coffey's Motion for Appointment as Lead Plaintiff.

**III.    ARGUMENT**

The PSLRA directs courts to adopt a rebuttable presumption that "the most adequate plaintiff is the person or group of persons that has (1) either filed the complaint or made a motion in response to the notice to the class; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23. *Augilar v. Vitamin Shoppe, Inc.*, 2018 WL 1960444, at *4 (D.N.J. April 25, 2018). Here, The Celsius Investor Movants appear to have the greatest financial interest in this litigation and appear to satisfy the Rule 23 requirements at this stage. Nevertheless, the Holt Group remains ready and willing to serve as lead plaintiff if the Celsius Investor Movants are deemed inadequate or atypical.

**A.     While the Celsius Investor Group Appears to Satisfy the PSLRA's Requirements, Messrs. Holt and Coffey Remain Ready and Willing to Serve As Lead Plaintiff**

The Celsius Investor Group claims to possess the largest financial interest and based on its members' Certifications appears to satisfy the Rule 23 requirements at this stage. *See* ECF No. 16, 16-5. However, if the Celsius Investor Group is not deemed the presumptive lead plaintiff, Messrs. Holt and Coffey have the next greatest financial interest with approximately $3 million in losses and satisfy the Rule 23 requirements. Mr. Holt purchased approximately $1,640,998 worth of Earn Rewards Account Securities, has not sold any, and is no longer able to sell or redeem these Securities at all. *Id.*, Ex. A. Mr. Coffey purchased approximately $1,378,326 worth of Earn Rewards Account Securities in June 2022 and is no longer able to sell or redeem these Securities at all. *Id.*, Ex. B.

### B. Chrishan de Almeida Does Not Qualify for the PSLRA's Presumption

Chrishan de Almeida claims a significantly smaller financial interest than the Celsius Investor Group and the Holt Group. In fact, de Almeida has a significantly smaller financial interest than either Mr. Holt or Mr. Coffey, as well as many of the individual members of the Celsius Investor Group. Consequently, the Court cannot consider de Almeida's Motion unless the presumption in favor of appointing the Celsius Investor Group *and* the Holt Group as lead plaintiff is rebutted with proof. *In re Cedant Corp. Litigation*, 264 F.3d 201, 262, 268 (3d Cir. 2001). Here, because the Celsius Investor Group and the Holt Group are separately willing to serve and satisfy the Rule 23 requirements, Chrishan de Almeida's Motion should be denied.

### IV. CONCLUSION

The Celsius Investor Group appears to satisfy the PSLRA requirements for appointment. However, the Holt Group stands ready, willing, and able to represent the Class as lead plaintiff.

**LITE DEPALMA GREENBERG & AFANADOR, LLC**

Dated: October 3, 2022

/s/ *Joseph J. DePalma*
Joseph J. DePalma
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com

**TAYLOR-COPELAND LAW**
James Q. Taylor-Copeland
Max Ambrose
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 400-4944
Facsimile: (619) 566-4341
james@taylorcopelandlaw.com
maxambrose@taylorcopelandlaw.com

*[Proposed] Lead Counsel for Plaintiff*