UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZACK KAPLAN, BEN KAPLAN, MICHAEL KAPLAN, ELI KAPLAN, and MICHAEL MAZZOTTA, Individually and on Behalf of Themselves and All Others Similarly Situated,<br><br>    Plaintiffs,<br> v.<br><br>ALEXANDER MASHINSKY, SHLOMI "DANIEL" LEON, HANOCH GOLDSTEIN, HARUMI URATA-THOMPSON, JEREMIE BEAUDRY, KRISTINE MASHINSKY, AM VENTURES HOLDING, INC., KOALA1 LLC, and WINTERMUTE TRADING LTD.,<br><br>    Defendants. | No. 2:22-CV-04560-SDW-ESK<br><br>**DECLARATION IN SUPPORT OF MOTION TO WITHDRAW APPEARANCE** |

  Jonathan Ohring, Esq. makes the following declaration pursuant to 28 U.S.C. § 1746:

  1. I am a Counsel with the law firm Yankwitt LLP (the "Firm"), attorneys for defendants Alexander Mashinsky, AM Ventures Holding, Inc., and Koala1 LLC ("Defendants") in the above-captioned case. I am the Firm's counsel of record in this matter. As such, I am fully familiar with all the prior facts and circumstances herein.

2. I submit this Declaration in support of the instant application to withdraw my appearance for Defendants.

3. The current application to withdraw is being made due to Defendants' failure to meet the obligation set forth in their retention agreement with the Firm to timely pay legal fees billed by the Firm, despite numerous requests by the Firm.

4. Defendants have been provided notice that the Firm would seek to withdraw its appearance in the absence of timely payment, but Defendants have nevertheless failed to meet their obligations.

5. Defendants' deliberate disregard of their agreement to pay their legal fees is sufficient grounds for the Firm's withdrawal from the representation. *See* N.Y. RULES OF PROF. CONDUCT, R. 1.16(c)(5); N.J. Ct. R. app 3 R. R. 1.16(b)(5); *Stephen Eldridge Realty Corp. v. Green*, 174 A.D.2d 564, 565 (2d Dep't 1991) ("It is well-settled that in civil cases an attorney will be permitted to withdraw where a client refuses to pay his or her reasonable fees"); *Holmes v. Y.J.A. Reality Corp.*, 128 A.D.2d 482, 483 (1st Dep't 1987) ("Where a client repudiates a reasonable fee arrangement there is no obligation on the part of counsel to finance the litigation or render gratuitous services").

6. Moreover, withdrawal can be accomplished without material adverse effect on Defendants' interests. *See* N.Y. RULES OF PROF. CONDUCT, R. 1.16(c)(1) (providing for this additional ground for withdrawal); N.J. Ct. R. app 3 R. R.

1.16(b)(1) (same). The case is in its infancy, with a motion to stay the case pending before the Court. The Defendants have not yet responded to the Amended Complaint, nor has discovery commenced. As such, Defendants' ability to protect their interests, either through new counsel or *pro se*, should not be materially impacted.

7. Accordingly, good cause warranting the application to withdraw exists, and the undersigned respectfully requests issuance of an order relieving the undersigned as counsel for Defendants.

**WHEREFORE**, the undersigned respectfully requests that the Court issue an order withdrawing the undersigned's appearance as counsel of record for Defendants and for such other and further relief as this Court deems just and proper.

Dated: December 22, 2023
 White Plains, New York

Jonathan Ohring