UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ZACK KAPLAN, *et al.*,

    **Plaintiffs,**

    v.

ALEXANDER MASHINSKY, *et al.*,

    **Defendants.**[1]

Case No. 22–cv–04560–SDW–ESK

OPINION AND ORDER

**KIEL, U.S.M.J.**

    **THIS MATTER** having come before the Court on the motion (Motion) by defendants Alexander Mashinsky, Harumi Urata-Thompson, Jeremie Beaudry, AM Ventures Holding, Inc. (AMVH), Koalal LLC (KLLC), and Kristine Meehan s/h/a Kristine Mashinsky (collectively, Mashinsky Defendants) to stay this purported securities class action (Securities Class Action) in its entirety (ECF No. 62); and plaintiffs opposing the Motion (ECF No. 69); and the Mashinsky Defendants having filed a reply (ECF No. 70); and the Court finding:

    1.    Plaintiffs bring the Securities Class Action on behalf of themselves and all others similarly situated who allegedly suffered financial losses after purchasing certain financial investment products from Celsius Network LLC (Celsius), which was controlled by Mashinsky. (ECF No. 46 p. 6.) Celsius "generated revenue through cryptocurrency trading, lending, and borrowing the sale of its unregistered securities, as well as engaging in proprietary trading." (*Id.* p. 2; *see also id.* p. 10.) These products were not protected or insured by any governmental agency. (*Id.* p. 3.)

    2.    According to the class plaintiffs, "[d]efendants could only maintain their yield rate promises by continually bringing in new investors whose new influx of money would be used to pay off the yield for old investors," and eventually Celsius's financial products lost their value when "the cryptocurrency market in general faced a downtrend." (*Id.* p. 4.) Plaintiffs allege that defendants were able to foster this scheme by "t[aking] advantage of the market's lack of understanding and awareness concerning how cryptocurrency projects

---

[1] This caption is derived from the amended complaint filed on June 19, 2023. (ECF No. 46 p. 1.)

work." (*Id.* p. 32.) Plaintiffs also allege that defendants engaged in "wash trading," meaning that:

> a trader buys and sells the same asset between or among his or her own accounts in transactions lacking true economic purpose. Wash trading is not an arm's length market activity and is not the result of market forces of supply and demand. Wash trading gives the artificial appearance of, among other things, increased trading volume, liquidity, and trading interest for the asset at issue.

(*Id.* p. 72.) Plaintiffs further allege that while encouraging investors to purchase Celsius's financial products, Mashinsky "was secretly selling millions of dollars' worth" of those financial products that he held personally. (*Id.* p. 62.)

3. Plaintiffs bring the Securities Class Action against the Mashinsky Defendants, and the following additional defendants: (a) Wintermute Trading Ltd. (WTL); and (b) Shlomi Daniel Leon and Hanoch Goldstein, who both co-founded Celsius with Mashinsky. (*Id.* pp. 6–7.) Of note concerning the Mashinsky Defendants: (a) Urata-Thompson and Beaudry were officers in Celsius; (b) Kristine Meehan is Mashinsky's wife; and (c) AMVH and KLLC were allegedly wholly owned by Mashinsky. (*Id.* pp. 7–9.) The initial complaint was filed in July 2022. (ECF No. 1.) However, following the appointment of lead plaintiffs and lead counsel in April 2023 (ECF Nos. 40, 41), an amended complaint was filed on June 19, 2023. (ECF No. 46.)

4. On July 13, 2023, five additional legal proceedings concerning Mashinsky were instituted in the federal courts. First, Mashinsky in his position as the authorized representative of Celsius petitioned for bankruptcy protection on behalf of Celsius pursuant to Chapter 11 in the United States Bankruptcy Court for the Southern District of New York (Bankruptcy Proceedings). *See* S.D.N.Y. Bankr. Case No. 22-10964. Second, the Office of the United States Attorney for the Southern District of New York unsealed an indictment charging Mashinsky with securities fraud, commodities fraud, wire fraud, and conspiracy to commit price manipulation (Criminal Proceedings). *See* S.D.N.Y. Crim. No. 23-00347. Third, the Securities and Exchange Commission instituted a civil action (SEC Action) in the Southern District of New York against Celsius and Mashinsky for securities fraud and for engaging in unregistered offers and sales of securities. *See* S.D.N.Y. Case No. 23-06005. Fourth, the Federal Trade Commission instituted a civil action (FTC Action) in the Southern District of New York against Celsius, Mashinsky, Leon, and Goldstein for deception, unfair misappropriation, and fraud in violation of the Federal Trade Commission Act and the Gramm-Leach-Bliley Act. *See* S.D.N.Y. Case No. 23-06009. Fifth, the Commodity Futures Trading Commission instituted a civil

action (CFTC Action) in the Southern District of New York against Celsius and Mashinsky for fraud, deceit, failure to register as a commodity pool operator, and failure to provide pool disclosure documents in violation of the Commodity Exchange Act. *See* S.D.N.Y. Case No. 23-06008.

5. As to the Bankruptcy Proceedings, the Bankruptcy Court confirmed the bankruptcy plan concerning Celsius on November 9, 2023. *See* S.D.N.Y. Bankr. Case No. 22-10964, ECF No. 3972. However, a review of the docket for the Bankruptcy Proceedings reveals that those proceedings are active and ongoing up to the present day. *See generally* S.D.N.Y. Bankr. Case No. 22-10964. As to the Criminal Proceedings, a trial is currently scheduled for September 17, 2024 pursuant to two separate orders dated October 3, 2023. *See* S.D.N.Y. Crim. No. 23-00347, ECF Nos. 34, 35. The SEC Action, the CFTC Action, and the FTC Action have all been stayed pending the outcome of the Criminal Proceedings. *See* S.D.N.Y. Case No. 23-06005, ECF No. 16; S.D.N.Y. Case No. 23-06008, ECF No. 15; S.D.N.Y. Case No. 23-06009, ECF No. 51.

6. The Mashinsky Defendants now move to stay the Securities Class Action until the completion of: (a) a potential related adversary proceeding to be brought by unsecured creditors (Adversary Proceeding) as part of the Bankruptcy Proceedings; and (b) the Criminal Proceedings. (ECF Nos. 62, 63.) As to staying the Securities Class Action during the pendency of the Bankruptcy Proceedings, the Mashinsky Defendants argue that: (a) the Adversary Proceeding "is likely to commence imminently" (ECF No. 70. p.6; *see also* ECF No. 63 p.11 (asserting that the Adversary Proceeding "will be commenced shortly" after the plan is confirmed in the Bankruptcy Proceedings); *id.* p.16 (asserting the unsecured creditors have "prepared [the] adversary complaint")); (b) many of the putative class members within the Securities Class Action are likely to be unsecured creditors who may benefit from any recovery through the potential Adversary Proceeding (ECF No. 63 p.6); and (c) the Securities Class Action could lead to either a duplicative waste of judicial resources or a troubling double recovery by members of the putative class. (*Id.*) The Mashinsky Defendants point out that any recovery garnered as a result of the potential Adversary Proceeding would "be distributed to Celsius creditors, which may include the putative class members in [the Securities Class] [A]ction," and that the "causes of action in [the Securities Class Action] would become untenable." (*Id.* pp.15, 16.)

7. As to staying the Securities Class Action during the pendency of the Criminal Proceedings, the Mashinsky Defendants argue that there will be significant overlap between the discovery to be produced in the Securities Class Action and the evidence to be adduced in the Criminal Proceedings. (*Id.* p.21.) The Mashinsky Defendants argue that should the Securities Class Action move

forward, they "would face the prospect of choosing between waiving or asserting [their] Fifth Amendment rights in th[e] [Securities Class] [A]ction" while trying to defend themselves. (*Id.* p. 24.)

8. Plaintiffs argue in opposition that they will be prejudiced if the Securities Class Action were to be stayed. (ECF No. 69 p. 6.) They assert that the Mashinsky Defendants' arguments concerning a potentially duplicative Adversary Proceeding are without merit, as no such proceeding has been filed within the confines of the ongoing Bankruptcy Proceedings. (*Id.*) As to the possibility of a stay in view of the Criminal Proceedings, plaintiffs argue that "the blanket stay of this Action will halt the case for an indefinite period of time." (*Id.* p. 12.) However, "Plaintiffs concede that the pendency of the criminal action against … Mashinsky may someday implicate issues with the Fifth Amendment with respect to th[e] [Securities Class] Action." (*Id.* p. 7; *see id.* p. 18 (stating the same).)

9. I will deny the Motion to the extent that the Mashinsky Defendants seek a stay based upon the potential Adversary Proceeding that — as of this date — has yet to materialize. I have scoured the extensive electronic dockets in the Bankruptcy Court for the principal Bankruptcy Proceedings and any related proceedings. Those deemed to be unsecured creditors have been actively participating in the Bankruptcy Proceedings as recently as January 12, 2024. *See* S.D.N.Y. Bankr. Case No. 22-10964, ECF No. 4226 (Response of Official Committee of Unsecured Creditors to an order issued by Bankruptcy Court on January 5, 2024). However. I have found no indication that the filing of the Adversary Proceeding by any unsecured creditors is imminent. Further, the Mashinsky Defendants have not filed any supplemental papers in the Securities Class Action showing that such a proceeding will soon be instituted. I will not impose a stay of the entire Securities Class Action based on purely speculative arguments.

10. However, the Motion to the extent that the Mashinsky Defendants seek a stay in view of the Criminal Proceedings requires deeper analysis. I possess broad discretion in general to stay a civil proceeding. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This Court has held that "[a] stay of a civil case where there are pending criminal proceedings is not constitutionally required, however, it may be warranted in certain circumstances." *Walsh Secs., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F.Supp.2d 523, 526 (D.N.J. 1998). The analysis requires an assessment of the so-called *Walsh* factors, which are:

> 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to

4

>   plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest.

*Id.* at 527; *see Young v. Martin,* 801 F.3d 172, 183 n. 9 (3d Cir. 2015) (holding the *Walsh* factors "provide a useful analytical framework when deciding whether to stay a civil case pending the outcome of criminal proceedings").

    11.    The Mashinsky Defendants addressed each of the *Walsh* factors in their papers filed in support of the Motion. (*See* ECF No. 63 pp. 20–26; ECF No. 70 pp. 10, 11.) In stark contrast, plaintiffs' papers are bereft of either an equivalent assessment of the *Walsh* factors or even a citation to the *Walsh* holding. (*See* ECF No. 69 pp. 18, 19.) Nonetheless, I will engage in an analysis of the *Walsh* factors, as I am required to do in the interests of justice. *See Taylor v. Ortiz*, No. 21-19445, 2023 WL 5321056, at *3 (D.N.J. Aug. 18, 2023) (addressing the *Walsh* factors for defendants' motion to stay a civil case in view of criminal charges against one defendant, even though plaintiffs "fail[ed] to describe any specific injury they are likely to sustain from a stay," failed to address each factor, and "ma[d]e only bare assertions" in opposition).

    12.    As to the first factor, the overlap between the issues to be addressed in the Securities Class Action and in the Criminal Proceedings is manifest. Pursuant to the seven-count indictment filed in July 2023 in the Criminal Proceedings, the Government intends to prove that Mashinsky engaged from 2018 through 2022 in, among other things, securities fraud and a conspiracy to engage in price and market manipulation to defraud buyers into purchasing Celsius's artificially-overvalued financial products in violation of 15 U.S.C. §§ 78i(a), 78j(b) and 78ff, as well as in violation of 17 C.F.R. § 240.10b-5. *See* S.D.N.Y. Crim. No. 23-00347, ECF No. 1 pp. 37–44. Plaintiffs in the Securities Class Action intend to demonstrate that defendants committed the same violations. (*See* ECF No. 46 ¶¶ 286, 303, 305, 308, 330, 333, 334, 335, 342, 345, 346, 354, 355, 453, 462, 465, 474 (citing 15 U.S.C. §§ 78i(a), 78j(b) and 78ff, as well as 17 C.F.R. § 240.10b-5).) This factor, which is an "important issue at the threshold in determining whether or not to grant a stay," weighs heavily in the Mashinsky Defendants' favor. *Walsh*, 7 F.Supp.2d at 527; *see Frantatoro v. Grabato*, No. 23-00053, 2023 WL 5605669, at *1, *4 (D.N.J. Aug. 30, 2023) (holding same in staying a securities class action brought against twelve defendants, even though only two of the defendants were criminally charged with violations of 15 U.S.C. §§ 78j(b) and 78ff).

    13.    The second factor, *i.e.*, the status of the civil case and whether a defendant has been indicted, weighs heavily in favor of a stay. Mashinsky was indicted in July 2023, and the Criminal Proceedings are pending and set for trial in September 2024. *See* S.D.N.Y. Crim. No. 23-00347, ECF Nos. 1, 34, 35.

Thus, Mashinsky would be subjected to the risk of self-incrimination if the Securities Class Action were to proceed and if Mashinsky were to be compelled to defend himself therein. A "compelling consideration for granting a stay in a civil case is whether a grand jury has returned an indictment, because the return of that indictment poses a greater potential for self-incrimination." *Frantatoro*, 2023 WL 5605669, at *4 (citing *Walsh*, 7 F.Supp.2d at 527). Mashinsky is the key figure in the Criminal Proceedings and the Securities Class Action, as his alleged conduct is the underlying foundation for both the pending criminal charges and plaintiffs' claims concerning securities violations. As a result, Mashinsky would be required in the Securities Class Action either to waive his rights under the Fifth Amendment or to suffer adverse inferences by invoking those rights. In addition, Mashinsky's co-defendants in the Securities Class Action would be placed at a severe disadvantage if I were to impose a stay only as to Mashinsky, as they would be deprived of any discovery that Mashinsky could provide that might aid in their own defenses. *See Frantatoro*, 2023 WL 5605669, at *5 (staying a securities class action even though all defendants were not charged in a separate criminal case, as "depriving the unindicted [d]efendants of discovery from [the indicted defendants] might stymy the former's ability to mount a proper defense").

14. The third factor, *i.e.*, a plaintiff's interest in proceeding weighed against the prejudice to that plaintiff caused by a delay, is allayed by "the promise of a fairly quick resolution of the criminal case under the Speedy Trial Act." *Walsh*, 7 F.Supp.2d at 527 (citation omitted). As a result, plaintiffs' argument that "the blanket stay of th[e] [Securities Class] Action will halt the case for an indefinite period of time" (ECF No. 69 p.12) is simply not true. Furthermore, the risk of Mashinsky dissipating the funds that would otherwise be available if plaintiffs were to prevail in the Securities Class Action is minimal, as Mashinsky is being monitored by, among other federal agencies, the United States Attorney's Office for the Southern District of New York in view of the criminal trial that is set to commence in September 2024. *See* S.D.N.Y. Crim. No. 23-00347, ECF Nos. 34, 35. Thus, the third factor weighs in favor of the imposition of a stay.

15. The fourth factor, *i.e.*, defendants' private interests and potential burden, weighs heavily in favor of a stay due to the risk to Mashinsky's Fifth Amendment right against self-incrimination if the Securities Class Action were to proceed simultaneously with the Criminal Proceedings. In addition, even if I were to stay the Securities Class Action as to Mashinsky alone, the other defendants would once again be deprived of the ability to properly defend themselves without the benefit of any discovery provided by Mashinsky.

16. As to the fifth factor, it is in the best interests of this Court to stay the Securities Class Action to avoid issuing rulings that would either complicate or

6

conflict with the prosecution of the Criminal Proceedings. *See Frantatoro*, 2023 WL 5605669, at *6 (staying a securities class action because "there is the chance for duplicative efforts and conflicting rulings" concerning the related criminal proceedings). Further, the SEC Action, the CFTC Action, and the FTC Action — which are also all civil proceedings — have been stayed pending the outcome of the Criminal Proceedings. *See* S.D.N.Y. Case No. 23-06005, ECF No. 16; S.D.N.Y. Case No. 23-06008, ECF No. 15; S.D.N.Y. Case No. 23-06009, ECF No. 51.

17. The sixth *Walsh* factor concerning the public interest weighs in favor of a stay. Plaintiffs in the Securities Class Action may eventually be entitled to prevail on their claims. However, "the public has a greater interest in the Government's ability to enforce and investigate criminal activity," and this greater interest "supersedes a civil litigant's interest in a timely resolution of their civil claims." *Frantatoro*, 2023 WL 5605669, at *6; *see Taylor*, 2023 WL 5321056, at *3 (holding the imposition of a stay in a civil case "may well benefit the public by ensuring that the [related] criminal proceedings are not impacted by the effects of ongoing, broad civil discovery on related matters"). Indeed, the Government indicated in September 2023 that it would request a stay of the Securities Class Action if discovery is not otherwise stayed. *See* S.D.N.Y. Bankr. Case No. 22-10964, ECF No. 3450 pp. 4, 5 (expressing concerns that discovery in the Securities Class Action "would present a risk of significant interference with the Criminal [Proceedings]").

18. The six *Walsh* factors favor the Mashinsky Defendants. Therefore, I will grant the Motion to the extent that it concerns the imposition of a stay of the entire Securities Class Action based on the pending Criminal Proceedings. My ruling in this regard is not unique, even if all of the defendants in the Securities Class Action are not specifically named in the Criminal Proceedings. *See Reyes v. Freeberry*, 141 F.App'x 49, 51 (3d Cir. 2005) (declining to extinguish a stay imposed by the district court in a civil case wherein only one defendant out of three named defendants had been criminally charged, because "[i]t is not uncommon for a civil case to be stayed pending resolution of a related criminal case").

Accordingly,

**IT IS** on this  **24th** day of  **January 2024   ORDERED** that:

1. The Motion to the extent that it concerns the imposition of a stay of the entire Securities Class Action pending resolution of the Criminal Proceedings (**ECF No. 62**) is **GRANTED**. The Clerk of the Court shall designate this case as being stayed, administratively terminated, and closed at this juncture.

2. Defendants shall file a status update on the docket of the Securities Class Action on **May 21, 2024** concerning the status of the Criminal Proceedings.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES MAGISTRATE JUDGE**