Alvin C. Lin, Esq.
NJ Bar No. 017502000
Morrison Cohen LLP
909 Third Avenue, 27th Floor
New York, NY 100022

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ZACK KAPLAN, BEN KAPLAN, MICHAEL KAPLAN, ELI KAPLAN, and MICHAEL MAZZOTTA, Individually and on Behalf of Themselves and All Others Similarly Situated, | **Hon. Susan D. Wigenton** |
| Plaintiffs, | Civ No. 22-04560-SDW-SDA |
| v. | Motion Return Date: July 21, 2025 |
| ALEXANDER MASHINSKY, SHLOMI "DANIEL" LEON, HANOCH GOLDSTEIN, HARUMI URATA-THOMPSON, JEREMIE BEAUDRY, KRISTINE MASHINSKY, AM VENTURES HOLDING, INC., KOALA1 LLC, and WINTERMUTE TRADING LTD., | |
| Defendants. | |

**WINTERMUTE TRADING LTD.'S LIMITED RESPONSE TO MOVING DEFENDANTS' MOTION TO TRANSFER, AND <u>RESERVATION OF DEFENSES</u>**

Defendant Wintermute Trading Ltd. ("Wintermute") respectfully submits this limited response to Defendants' Harumi Urata-Thompson's, Alexander Mashinsky's, Jeremie Beaudry's, and Kristine Meehan's (the "Moving Defendants") Motion to Transfer (the "Motion to Transfer") to clarify its position and preserve rights and defenses.

As explained below, Wintermute does not join in or oppose the Motion to Transfer, and takes no position on the merits. Wintermute further expressly reserves all rights, objections, and defenses, including the right to challenge personal jurisdiction in this forum or any transferee court.

## I. PROCEDURAL HISTORY

On June 19, 2023, Plaintiffs Zack Kaplan, Eli Kaplan, Benjamin Kaplan, Michael Kaplan, and Michael Mazzotta ("Lead Plaintiffs") filed the First Amended Complaint ("FAC"), alleging 15 causes of action against nine defendants, including Wintermute. ECF 46. Although the FAC includes 15 causes of action, only seven of those are against Wintermute: four claims under the Securities Exchange Act of 1934, an unjust enrichment claim under New Jersey Common Law, and two claims brought under the California Civil Code.

After the FAC was filed, Wintermute entered into three administrative stipulations with Lead Plaintiffs extending Wintermute's time to answer, move against, or otherwise respond to the FAC, each of which expressly preserved, and

did not waive, Wintermute's defenses, "including, but not limited to, defenses based upon venue or personal jurisdiction." ECF 54; ECF 59; ECF 67.

On October 19, 2023, Defendants AM Ventures Holding, Inc., Jeremy Beaudry, Koala1 LLC, Alexander Mashinsky, Kristine Mashinsky, and Harumi Urata-Thompson filed a motion to stay the proceedings in this case pending resolution of the UCC Action and/or Mr. Mashinsky's sentencing (the "Motion to Stay"). ECF 62. Wintermute took no position on the Motion to Stay. On January 24, 2024, the Court granted the Motion to Stay, which resulted in a stay of the entire action as to all parties and an administrative closure of the case. ECF 98. The stay remains in effect. *Id.*; ECF 132.

## II.   **WINTERMUTE'S RESPONSE**

Wintermute does not join in or oppose the Motion to Transfer, and takes no position on the substantive merits of the motion. Wintermute expressly reserves all rights and defenses, including, but not limited to, the right to bring a motion to dismiss the FAC pursuant to Rule 12(b), and in particular to challenge personal jurisdiction in any forum, including in this forum or any transferee court.

To date, Wintermute has not had the opportunity to move to dismiss the FAC pursuant to Rule 12(b) of the Federal Rules of Civil Procedure due to the stay entered in this case. Nevertheless, Wintermute has, and continues to, expressly preserve and not waive its rights and defenses. Wintermute does not concede that this Court has

personal jurisdiction over it, and likewise does not concede that the District Court for the Southern District of New York would have personal jurisdiction over it in the event of a transfer. At the appropriate time, Wintermute intends to file a motion to dismiss the FAC on multiple grounds, including for a lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted. Wintermute intends to bring such a motion, including for lack of personal jurisdiction, at the appropriate time in either this forum or any transferee court.

Wintermute respectfully objects to any relief that would result in any prejudice to its legal or jurisdictional defenses, or substantive or procedural rights; create the appearance of waiver; or prejudice its right to a trial by jury on all claims and issues so triable. Wintermute also expressly preserves, and does not waive, its right to object to the consolidation of this case with any other proceeding or to the coordination or consolidation of discovery; or to any discovery that is inconsistent with the requirements of the Private Securities Litigation Reform Act ("PSLRA"), including any automatic discovery stay.

Wintermute respectfully requests that, should the Court grant the Motion to Transfer, the Court's order expressly provide that such transfer is without prejudice to, and does not constitute a waiver of, Wintermute's right to assert its defenses or challenge personal jurisdiction in any forum, including in both this District and the

Southern District of New York. In the event that this Court determines it is appropriate to adjudicate whether the Southern District of New York (as the transferee court) could plausibly exercise personal jurisdiction over Wintermute before resolving the instant Motion, Wintermute respectfully requests the opportunity to submit supplemental briefing on that issue or to otherwise assert its right to bring a motion to dismiss pursuant to Rule 12(b).

### III. CONCLUSION

For the foregoing reasons, Wintermute does not join in or oppose the Motion to Transfer, and takes no position on its merits. Wintermute expressly reserves all relevant and applicable rights, claims, objections, and defenses, including, but not limited to, all legal and jurisdictional defenses.

Dated: July 9, 2025

        **MORRISON COHEN LLP**

        By: */s/ Alvin C. Lin*
            Alvin C. Lin (Bar #017502000)
            Jason Gottlieb (*pro hac vice*)
            Daniel C. Isaacs (*pro hac vice*)
            William Roth (*pro hac vice*)
            909 Third Avenue
            New York, New York 10022
            (212) 735-8600

        *Attorneys for Defendant*
        *Wintermute Trading Ltd.*

## Certificate of Service

I, Alvin C. Lin of Morrison Cohen LLP, hereby certify that on July 9, 2025, I served the foregoing upon all counsel of record by filing on CM/ECF, and by causing a copy of this filing to be sent to Mr. Mashinsky at alex@mashinsky.com.

*/s/ Alvin C. Lin*
Alvin C. Lin, Esq.