Jamie Hoxie Solano
NJ Bar No. 426422024
**DYNAMIS LLP**
200 Connell Drive
Berkeley Heights, NJ 07922
973-295-5495
JSolano@dynamisllp.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZACK KAPLAN, BEN KAPLAN, MICHAEL KAPLAN, ELI KAPLAN, and MICHAEL MAZZOTTA, Individually and on Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ALEXANDER MASHINSKY, SHLOMI "DANIEL" LEON, HANOCH GOLDSTEIN, HARUMI URATA-THOMPSON, JEREMIE BEAUDRY, KRISTINE MASHINSKY, AM VENTURES HOLDING, INC., KOALA1 LLC, and WINTERMUTE TRADING LTD., <br><br> Defendants. | **The Hon. Susan D. Wigenton** <br><br><br> Civ No. 22-04560-SDW-SDA <br><br><br><br> Motion Return Date: August 7, 2025 <br><br> ORAL ARGUMENT REQUESTED |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO TRANSFER

## TABLE OF CONTENTS

I.  This Court May Order the Transfer Without Foreclosing Wintermute's Right to Challenge Personal Jurisdiction in the Southern District of New York……2

II. In the Alternative, This Court Should Grant Transfer as to the Moving Defendants and Sever Lead Plaintiffs' Claims Against Wintermute………….4

# **TABLE OF AUTHORITIES**

### Cases

*Carcanague v. DuPont De Nemours, Inc.*,
   No. CV1918181RMBAMD, 2020 WL 7481597 (D.N.J. Dec. 18, 2020) --------- 3

*Cottman Transmission Systems v. Martino*,
   36 F.3d 291 (3d Cir.1994) ------------------------------------------------------------ 5

*Groeneveld v. Verb Techonology Co., Inc.*,
   No. CV2303766GCJBD, 2024 WL 1253296 (D.N.J. Mar. 25, 2024) ------------- 2

*In re Fine Paper Antitrust Litig.*,
   685 F.2d 810 (3d Cir.1982), *cert. denied*, 459 U.S. 1156 (1983)------------------ 5

*Loeb v. Bank of Am.*,
   254 F. Supp. 2d 581 (E.D. Pa. 2003) ----------------------------------------------- 5

*Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*,
   5 F.3d 28 (3d Cir. 1993)-------------------------------------------------------------- 5

*United States v. Berkowitz*,
   328 F.2d 358 (3d Cir. 1964) -------------------------------------------------------- 3

*Weber v. Jolly Hotels*,
   977 F. Supp. 327 (D.N.J. 1997) ---------------------------------------------------- 4

### Statutes

28 U.S.C. § 1404(a) ------------------------------------------------------------------- 3

28 U.S.C. § 1406(a) ------------------------------------------------------------------- 3

Defendants Harumi Urata-Thompson, Alexander Mashinsky, Jeremie Beaudry, and Kristine Meehan[1] (collectively, "Moving Defendants") respectfully file this reply in response to Lead Plaintiffs' Notice of Non-Opposition to Motion to Transfer [ECF No. 135] (the "Non-Opposition"); in response to Defendant Wintermute Trading LTD.'s ("Wintermute") Limited Response to the Moving Defendants' Motion to Transfer, and Reservation of Defenses [ECF No. 136] (the "Limited Response"); and in further support of the Moving Defendants' Motion to Transfer [ECF No. 133] (the "Motion" or "Mot.").[2]

As a threshold matter, the Moving Defendants' Motion should be granted as unopposed. In lieu of an opposition, Lead Plaintiffs filed its Non-Opposition stating that Lead Plaintiffs "do not oppose the transfer of this action to the Southern District of New York." [ECF No. 135 at 2]. No other party filed an opposition. Accordingly, no party has disputed that transfer to the Southern District of New York ("SDNY") is proper and in the interests of justice.

Additionally, Wintermute's Limited Response does not limit this Court's discretion to transfer this action to the SDNY. First, the Court can transfer without

---

[1] Ms. Meehan is incorrectly identified in the First Amended Class Action Complaint and Demand for Jury Trial [ECF. No. 46] (the "FAC") as "Kristine Mashinsky," which is not her legal name.

[2] Unless otherwise noted, defined terms herein are as defined in the Moving Defendants' Motion.

1

foreclosing Wintermute's right to challenge personal jurisdiction. Second, in the alternative, the Court can sever the claims against Wintermute and transfer the Lead Plaintiffs' claims against the remaining defendants to the SDNY. The Moving Defendants address each point in turn below.

**I.     This Court May Order the Transfer Without Foreclosing Wintermute's Right to Challenge Personal Jurisdiction in the Southern District of New York.**

"Wintermute does not join in or oppose" the Moving Defendants' Motion but does seek to preserve its challenges to personal jurisdiction (in this Court or in the SDNY). *See* [ECF No. 136 at 2] ("Wintermute does not concede that this Court has personal jurisdiction over it, and likewise does not concede that the District Court for the Southern District of New York would have personal jurisdiction over it in the event of transfer." [*Id*. at 2-3]. Simply put, Wintermute does not oppose transfer as long as Wintermute can raise a personal jurisdiction challenge in the court that ultimately presides over this litigation (*i.e.*, this Court or the SDNY). For the following reasons, Wintermute's position is consistent with—and does not undermine the bases for—the requested transfer to the SDNY.

First, the transferor court (*i.e.*, this Court) need not have personal jurisdiction over all (or any) defendants to effectuate transfer. *See Groeneveld v. Verb Techonology Co., Inc.*, No. CV2303766GCJBD, 2024 WL 1253296, at *2 n.2 (D.N.J. Mar. 25, 2024) ("[T]he Third Circuit has previously held that a court need

2

not reach a conclusion regarding personal jurisdiction prior to effecting a § 1404(a) transfer of an action to another district court."); *Carcanague v. DuPont De Nemours, Inc.*, No. CV1918181RMBAMD, 2020 WL 7481597, at *3 (D.N.J. Dec. 18, 2020) ("Transfer avoids this issue [of personal jurisdiction]; the Third Circuit has previously held that a court need not reach a conclusion regarding personal jurisdiction prior to effecting a § 1404(a) transfer of an action to another district court" (citing *United States v. Berkowitz*, 328 F.2d 358, 361 (3d Cir. 1964))).[3]

Second, the Court has discretion to order a transfer without foreclosing a defendant's right to challenge personal jurisdiction in the transferee court (*i.e.*, the SDNY) after transfer. *See, e.g.*, *Weber v. Jolly Hotels*, 977 F. Supp. 327, 334 (D.N.J. 1997) (ordering transfer without first determining if transferee court would have personal jurisdiction and holding that, although "[t]he Court normally does not transfer cases to other districts unless it is certain that the other district has personal jurisdiction over the defendant[,] . . . the interests of justice dictate that this case be transferred to the Southern District of New York").

Here, the Moving Defendants do not object to this Court ordering a transfer of the action to the SDNY with Wintermute maintaining its right to challenge

---

[3] Relevant here, the Third Circuit in *Berkowitz* also held that the rational for transfer under 28 U.S.C. § 1406(a) "applies equally to [28 U.S.C.] § 1404(a)." *See id*. As a result, this Court should afford equal weight to cases analyzing transfer under Section 1406(a) to its analysis under Section 1404(a). *See id*.

3

personal jurisdiction in that transferee court. No party has objected to that relief. The interests of justice necessitate transfer to conserve judicial resources, prevent inconsistent outcomes and/or judgments, and coordinate overlapping issues and claims. After transfer, the SDNY is best suited to address Wintermute's arguments regarding personal jurisdiction—while also coordinating with the Bankruptcy Proceedings and the UCC Action pending in the SDNY. Therefore, this Court should utilize its discretion to transfer this action to the SDNY, while holding that Wintermute's challenges to personal jurisdiction are reserved and not waived.

## II. In the Alternative, This Court Should Grant Transfer as to the Moving Defendants and Sever Lead Plaintiffs' Claims Against Wintermute.

Alternatively, a district court may sever the claims and retain jurisdiction over one defendant while transferring the case for the other defendants to the appropriate district. *See Loeb v. Bank of Am.*, 254 F. Supp. 2d 581, 588 n.14 (E.D. Pa. 2003) (holding that, if "venue is proper for one defendant but not for another and dismissal is inappropriate," the court may "sever the claims, retaining jurisdiction over one defendant and transferring the case as to the other defendant to an appropriate district" (citing *Cottman Transmission Systems v. Martino*, 36 F.3d 291, 296 (3d Cir.1994))). In other words, "venue defects as to a party whose portion of the action has been severed do not bar transfer of the remainder of the action[.]" *Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28, 33 (3d Cir. 1993) (quoting *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 819 (3d Cir.1982), *cert. denied*, 459 U.S. 1156

4

(1983)).

Accordingly, to the extent this Court finds that Wintermute's personal jurisdiction arguments must be resolved in this District, this Court should sever the claims against Wintermute and transfer the remainder of the case to the SDNY. That result will prevent prejudice to the Moving Defendants and permit coordination in the SDNY. Notably, Wintermute is not a named party in either the Bankruptcy Proceeding or the UCC Action, so even without Wintermute, the requested transfer would still have the utility of coordination between related parties and proceedings. Consequently, in the alternative to transferring this action as a whole, this Court should sever the claims against Wintermute and transfer the claims against the Moving Defendants to the SDNY in the interests of justice.

For the foregoing reasons, the Moving Defendants respectfully request that the Court transfer this action to the United States District Court for the Southern District of New York and/or issue any other relief that the Court deems proper.

Dated: July 23, 2025

                                          Respectfully Submitted,

*s/ Jamie Hoxie Solano*            *s/ Israel Dahan*
Jamie Hoxie Solano                Israel Dahan
Eric S. Rosen                       Thaddeus D. Wilson
Constantine P. Economides       Kevin J. O'Brien
**DYNAMIS LLP**                  **KING & SPALDING LLP**
*Counsel for Defendant Harumi*     *Counsel for Defendant Jeremie Beaudry*
*Urata-Thompson*

6

| | |
|---|---|
| *s/ Thomas J. Scrivo* | *s/ Alexander Mashinsky* |
| Thomas J. Scrivo | Alexander Mashinsky |
| Leigh M. Nathanson | *Pro se Defendant* |
| **KING & SPALDING LLP** | |
| *Counsel for Defendant Kristine Meehan* | |

## CERTIFICATE OF SERVICE

I, Jamie Hoxie Solano, Esq. hereby certify that on July 23, 2025, I served the foregoing upon all counsel of record by filing on CM/ECF, and by sending a copy of this filing to Mr. Mashinsky via e-mail at alex@mashinsky.com, by which he has agreed to accept service.

*/s/ Jamie Hoxie Solano*
Jamie Hoxie Solano, Esq.