# **EXHIBIT A**

# DYNAMIS LLP

The Court is in receipt of the letter from Defendants. Any response from Plaintiff must be filed no later than October 27, 2025 and may not exceed four (4) pages.

SO ORDERED.

Dated: October 21, 2025
New York, New York

Dale E. Ho
United States District Judge

**VIA CM/ECF**

The Honorable Dale E. Ho
United States District Court
for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *Meghji v. Mashinsky (In re Celsius Network LLC)*, No. 1:25-cv-1414-DEH

Dear Judge Ho:

On behalf of Defendants[1] in the above-referenced action, we write jointly to update the Court on several matters relevant to the pending Motion to Withdraw the Reference [Dkt. No. 1] (the "Withdrawal Motion") and Motion to Stay Discovery [Dkt. No. 30] (the "Stay Motion"), in light of recent orders by the Bankruptcy Court that unfairly prejudice Defendants' procedural and substantive rights.

This case is an adversary proceeding related to the jointly administered bankruptcy cases of Celsius Network LLC and its affiliates (the "Adversary Proceeding). Plaintiff, the Litigation Administrator for the Celsius post-confirmation estate, asserts claims (1) for breach of fiduciary duty by certain of Celsius's former officers, and (2) to avoid certain pre-petition transfers—mostly of Celsius's cryptocurrency, "CEL" tokens—purportedly made by Celsius to those former officers and other allegedly related or affiliate parties.

On February 18, 2025, Defendant Jeremie Beaudry filed the Withdrawal Motion, seeking the transfer of this action from the bankruptcy court to this Court because of his ultimate rights to a jury trial and Article III court adjudication. The remaining Defendants (excluding unserved defendants who have not appeared) joined the request.

On June 25, 2025, Defendants Urata-Thompson, Mashinksy, Beaudry, and Meehan filed a Motion to Transfer the *Goines* class action—a PSLRA securities class action including facts, parties, and claims that substantially overlap with this litigation—to this Court so that these interrelating actions can be properly coordinated with judicial economy and without inconsistent procedures or rulings. *See* Case No. 22-cv-04560 (D.N.J.), Dkt. Nos. 133, 135, 136, 138. That unopposed motion was fully briefed as of July 23, 2025.

---

[1] Defendants is defined herein as Harumi Urata-Thompson, Jeremie Beaudry, Shlomi Daniel Leon, Aliza Landes, Alchemy Capital Partners, LP, Kristine Meehan, Koala2 LLC, Hanoch Goldstein, Bits of Sunshine LLC, Four Thirteen LLC, and Third-Party Defendants Ron Deutsch, Adrian Alisie, and Oren Blonstein.

BOSTON                                    MIAMI                                    NEW YORK

Finally, on June 30, 2025, Defendants Harumi Urata-Thompson, Jeremie Beaudry, Shlomi Daniel Leon, Aliza Landes, Alchemy Capital Partners LP, Kristine Meehan, and Koala2 LLC (and joined by Alexander Mashinsky) filed the Stay Motion, seeking a stay of discovery until this Court rules on the Withdrawal Motion or determines whether the Securities Litigation Uniform Standards Act ("SLUSA") and/or the Private Securities Litigation Reform Act ("PSLRA") preempts or otherwise apply to the Litigation Administrator's claims.

Despite the assorted threshold issues raised in the pending Withdrawal Motion and Stay Motion—including dispositive jurisdictional questions—this litigation is rapidly progressing in ways that prejudice Defendants' procedural and substantive rights. First, the Bankruptcy Court is proceeding with damages briefing that purportedly binds Defendants. Second, Plaintiff is conducting discovery, including noticing depositions, against Defendants.

1. **Despite the Withdrawal Motion and Stay Motion, the Bankruptcy Court Is Already Adjudicating Damages Issues.**

On April 18, 2025, the Litigation Administrator filed motions for default judgment against three defaulted parties in the Adversary Proceeding. *See* [Adv. Dkt. Nos. 99-105]. In support of those motions, the Litigation Administrator proposed two damages theories involving methods for valuing cryptocurrencies. *See* [Adv. Dkt. No. 119 at 2].

On August 22, 2025, the Bankruptcy Court issued an Order Requesting Briefing Schedule for the Litigation Administrator, the defendants in this proceeding (and the underlying Adversary Proceeding), and the Customer Preference Actions (Case No. 24-ap-4024). [Adv. Dkt. No. 119] (the "Damages Order"). The Bankruptcy Court held that because (i) the Litigation Administrator seeks the same measure of recovery in the Customer Preference Actions as it does against the defaulted parties in the Adversary Proceeding and (ii) the motions for default judgment are not likely to be contested, that "the Court wants to be satisfied that damages recovery rules are sufficiently contested" at this time. [Adv. Dkt. No. 119 at 2]. Accordingly, the Bankruptcy Court *sua sponte* ordered Defendants (as well as thousands of parties in the streamlined Customer Preference Actions) to participate in briefing those damages issues. In connection with that anticipated briefing, the Bankruptcy Court will issue a final order purporting to bind Defendants as to damages methodologies and calculations in this case, even before there has been significant discovery in the case, let alone findings regarding liability.

On September 19, 2025, the Litigation Administrator filed a proposed briefing schedule, along with a document entitled "Procedures Regarding Damages in Connection with Certain Avoidance Actions" [Adv. Dkt. No. 124 at 10]. That proposed briefing schedule starts on October 10th and ends on December 12, 2025, and states that Defendants informed the Litigation Administrator that they "t[ook] no position regarding" it. *See id*. at 3. Jeremie Beaudry, Kristine Meehan, Koala2 LLC, Harumi Urata-Thompson, Hanoch "Nuke" Goldstein, Four Thirteen LLC, and Bits of Sunshine LLC further objected to entry of any briefing schedule applicable to them given that (1) there has been no finding of liability as to them, and (2) there is a pending challenge to the Bankruptcy Court's jurisdiction over this action. [Adv. Dkt. Nos. 125, 126, 129, 132]. The Court nonetheless entered the Litigation Administrator's proposed schedule on October 7, 2025. [Adv. Dkt. No. 131].

This procedure will unfairly prejudice Defendants. The Withdrawal Motion and Stay Motion pose critical jurisdictional questions that will determine whether and to what extent: (a)

the Bankruptcy Court has authority to bind Defendants; (b) a jury must resolve factual questions; (c) SLUSA applies, preempts, or affects subject matter jurisdiction; (d) the PSLRA applies and imposes a mandatory automatic stay of discovery; and (e) this litigation is affected by—or should be consolidated with—the *Goines* class action, in which the defendants have filed an unopposed motion to transfer to this Court. Consequently, Defendants cannot meaningfully or conclusively litigate damages issues at this stage, given the host of dispositive threshold issues involving jurisdiction, the applicable statutes, and the required procedures under those statutes (*e.g.*, the PSLRA's discovery stay).

Simply put, the only reasonable way to proceed is to first adjudicate threshold issues that are *sub judice*, to then conduct and complete discovery, and to then proceed to damages questions that affect all parties. Indeed—even without pending issues involving SLUSA, the PSLRA, subject matter jurisdictions, parallel actions, and putative class members—courts routinely (and prudently) delay entering default judgments until the non-defaulting defendants conclude the litigation; otherwise, there is a risk of inconsistent determinations as to damages. *See Zhao v. Ke Zhang Inc.*, No. 18 CIV. 6452 (EK) (VMS), 2025 WL 2774403, at *4 (E.D.N.Y. Aug. 15, 2025), report and recommendation adopted, No. 18-CV-6452 (EK)(VMS), 2025 WL 2773022 (E.D.N.Y. Sept. 29, 2025) ("[C]ourts in the Second Circuit have consistently delayed rendering default judgments even where a plaintiff seeks joint and several liability in order to avoid the problems of dealing with inconsistent damage determinations." (cleaned up)); *Delmar Int'l (USA) Inc. v. MVP Group Int'l, Inc.*, No. 23 CIV. 4289 (PGG), 2024 WL 5400283, at *1 (S.D.N.Y. Aug. 14, 2024) ("While a court may enter a default judgment against any defendants who default by failing to appear, in cases where some but not all defendants have defaulted, the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments.").

Thus, *contra* the Bankruptcy Court's recent order, courts in this Circuit refrain from adjudicating damages issues as to defaulting defendants until the appearing defendants have had a full and fair opportunity to litigate their cases through summary judgment or trial.

2. **Despite the Withdrawal Motion and Stay Motion, Plaintiff Continues to Advance Discovery in the Bankruptcy Court.**

Despite the pending Withdrawal Motion and Stay Motion—and over Defendants' objections—the Bankruptcy Court entered an expedited Case Management and Scheduling Order setting the deadline for fact discovery as December 15, 2025 (just two-months away). *See* [Adv. Dkt. No. 116]. Consequently, the Litigation Administrator continues to proceed with discovery that will materially prejudice Defendants—and waste party and judicial resources—if the Withdrawal Motion or Stay Motion is granted.

More specifically, the Litigation Administrator has (i) issued seven third-party subpoenas, (ii) issued requests for admission, requests for the production of documents, and interrogatories from each defendant, and (iii) has begun requesting dates for depositions, starting as soon as November 10th. Additionally, the Litigation Administrator has informed multiple defendants that it intends to file a motion over discovery disputes soon (prior to meet and confers). Those efforts

are inappropriate and/or moot if the court lacks subject matter jurisdiction or if federal law requires a stay of discovery at this stage.

    This procedural posture leaves Defendants in an indefensible position. At all stages, Defendants have sought to enforce their rights, including the rights to challenge jurisdiction, conduct jury trials, and proceed under the strictures of SLUSA and the PSLRA. At the same time, Defendants face the untenable choice of resting on their rights while losing the opportunity to engage in fulsome bilateral discovery or participating in discovery while losing the legal protections under applicable federal law.

\* \* \*

    In sum, these developments may be relevant to the Withdrawal Motion and Stay Motion pending before this Court. Defendants can provide the Court with any additional information, and Defendants are available for a status conference or oral argument to the extent helpful.

Respectfully Submitted,

*s/ Constantine P. Economides*
Constantine P. Economides
Eric S. Rosen
Kimberly A. Jones
**DYNAMIS LLP**
*Counsel for Defendant Harumi Urata-Thompson*

*s/ Thaddeus D. Wilson*
Thaddeus D. Wilson
Kevin J. O'Brien
**KING & SPALDING LLP**
*Counsel for Defendant and Third-Party Plaintiff Jeremie Beaudry*

*s/ Leigh M. Nathanson*
Leigh M. Nathanson
**KING & SPALDING LLP**
*Counsel for Defendants Kristine Meehan and Koala2 LLC*

*s/ Pieter Van Tol*
Pieter Van Tol
**VAN TOL LAW PLLC**
*Counsel for Defendants Shlomi Daniel Leon, Aliza Landes, and Alchemy Capital Partners, LP*

*s/ Avi Weitzman*
Avi Weitzman
Zachary Melvin
**PAUL HASTINGS LLP**
*Counsel for Defendants Hanoch Goldstein, Bits of Sunshine LLC, and Four Thirteen LLC and for Third-Party Defendants Ron Deutsch, Adrian Alisie, and Oren Blonstein*

CC:    Counsel of Record (via ECF)