# **EXHIBIT B**

WHITE & CASE

White & Case LLP
555 South Flower Street
Suite 2700
Los Angeles, California 90071-2433
T +1 213 620 7700

whitecase.com

October 27, 2025

**VIA ECF**

The Honorable Dale E. Ho
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Meghji v. Mashinksy, et al. (In re Celsius Network LLC)*, Adv. Proc. No. 24-03667-MG (Bankr. S.D.N.Y), Case No. 1:25-cv-1414-DEH (S.D.N.Y.)

Dear Judge Ho:

We write on behalf of Mohsin Y. Meghji (the "**Litigation Administrator**"), in his capacity as Litigation Administrator for Celsius Network LLC and its affiliated post-effective date debtors, and in response to the letter filed on October 15, 2025 [Dkt. No. 36][1] (the "**October 15 Letter**") by certain defendants ("**Defendants**") in the above-referenced adversary proceeding (the "**Adversary Proceeding**"), which is pending before Chief Judge Martin Glenn in the U.S. Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

Defendants' request to withdraw the Adversary Proceeding to this Court and stay all discovery should be denied. Defendants argue that a single securities class action that has not progressed in three years should take precedence and supersede an action that is actively moving forward *and* thousands of other lawsuits that are proceeding in a coordinated manner before the Bankruptcy Court. Their motivation is clear: Defendants want to further delay the adjudication of their actions and recovery for thousands of creditors. The request is contrary to the law, fairness, and judicial economy. The Court should deny both motions.

*First*, Defendants contend that they are "unfairly prejudice[d]" and cannot possibly litigate damages issues while their motion to withdraw the reference is pending. *See* Oct. 15 Letter at 2. But apart from vague references to "dispositive threshold issues," Defendants identify no concrete prejudice arising from the Bankruptcy Court's effort to streamline resolution of the Damages Issues (defined below). *See id.* at 3.

Celsius Network LLC and its affiliated debtors (the "**Debtors**") filed for chapter 11 protection after the collapse of their cryptocurrency platform driven largely by Defendants' misconduct. Two of the Defendants, Mr. Mashinsky and Mr. Cohen-Pavon, have pled guilty to

---

[1] Docket entries identified as [Dkt. No. __] refer to docket entries in the above-captioned proceeding before this Court. Docket entries identified as [Adv. Dkt. No. __] refer to the above-captioned adversary proceeding before the Bankruptcy Court.

WHITE & CASE

securities and commodities fraud. The Bankruptcy Court oversaw the extensive bankruptcy proceedings, which involved an independent examiner's report, multiple litigations, and ultimately confirmation of a chapter 11 plan (the "**Plan**"). Following confirmation of the Plan, more than a year and a half ago, the Litigation Administrator commenced the Adversary Proceeding against Defendants for, among other things, avoidance of fraudulent and preferential transfers under the Bankruptcy Code. The Litigation Administrator also initiated more than 2,000 avoidance actions against parties that made withdrawals from the Debtors in the 90 days prior to the petition date (the "**Preference Actions**").

Following the Litigation Administrator's motions for default judgment against certain defaulted defendants in the Adversary Proceeding, *see* [Adv. Dkt. Nos. 99-104], the Bankruptcy Court ordered the parties in both the Adversary Proceeding and the Preference Actions to propose a briefing schedule to address common issues concerning the proper measure of recovery for transferred cryptocurrencies. *See Order Requesting Briefing Schedule* [Adv. Dkt. No. 119] (the "**Briefing Order**"). The common issues are not limited to the Adversary Proceeding and cannot be paused until the end of these proceedings. The Litigation Administrator will soon commence hundreds of default judgment actions against defendants in the Preference Actions that have failed to answer or otherwise respond.

In the Briefing Order, the Bankruptcy Court identified a potential legal dispute regarding whether the Litigation Administrator could recover the cryptocurrency asset that was transferred or the U.S. dollar value of that asset. And, if the Litigation Administrator can recover the value of the asset, whether it should recover the value of the asset on the date of the transfer or the date of the judgment. The Bankruptcy Court recognized the need to establish a consistent framework for calculating damages across the thousands of related proceedings before it and wanted to provide all parties that could be affected by the Bankruptcy Court's ruling, including Defendants, the opportunity to participate in the adjudication of these legal issues, stating:

> With respect to the default judgments, the motions are not likely to be contested. Because the Court may be asked to adopt damages rules that apply to similar preference actions generally—i.e., to adopt the same damages rules in the Customer Preference Actions as it does in the above-captioned adversary proceeding against Alex Mashinsky—the Court wants to be satisfied that damages recovery rules are sufficiently contested.

*Id.* at 2. The Litigation Administrator and defendants in the Preference Actions agreed upon a proposed form of order and litigation schedule. *See* [Adv. Dkt. No. 124] at 3. The Litigation Administrator sought to meet and confer with Defendants, and shared the proposed order with them, but Defendants informed the Litigation Administrator that they took no position regarding the proposed order. *Id.* Defendants objected to the entry of the scheduling order. Defendants' objections are outlined in their October 15 Letter. On October 7, 2025, the Bankruptcy Court entered the order setting forth the briefing schedule and identifying the "Damages Issues" to be determined:

> (1) Is the Litigation Administrator entitled to recover either (a) the allegedly transferred digital assets if they remain in the applicable Defendant's possession, custody or control or, alternatively, (b) their value?
>
> (2) If the Litigation Administrator is entitled to recover the value of any allegedly transferred digital assets, what value is the Litigation Administrator entitled to recover if the allegedly transferred digital assets: (a) Have appreciated since they were transferred from Celsius? (b) Have depreciated since they were transferred from Celsius?"

[Adv. Dkt. No. 131] at 5.[2] The Bankruptcy Court's determination is subject to certain reservations of rights, including: (i) the amount of damages as to any defendant will be determined based on the facts and circumstances of that defendant's particular case, and will be decided only if and when judgment is entered against such defendant on liability and (ii) defendants reserve the right to argue that the Damages Issues are not pure issues of law but can only be decided by the finder of fact, including any jury. *Id.* at 6.

None of the "critical jurisdictional questions" raised by Defendants in their October 15 Letter are affected by the Bankruptcy Court's consideration of the Damages Issues. *See* Oct. 15 Letter at 2. A ruling on the Damages Issues will neither determine liability nor fix Defendants' damages; a ruling will simply establish a consistent legal framework to calculate the appropriate damages and remedy if a defendant is found liable. By its avoidance and recovery actions, the Litigation Administrator may seek either return of the transferred assets or their value. As recognized by the Bankruptcy Court, given the substantial volatility in cryptocurrency prices, potential recovery can vary dramatically depending on the damage calculation method used. Determination of these discrete issues affects not just the thirteen Defendants who co-signed the October 15 Letter but ***thousands*** of other defendants in the Preference Actions. The Bankruptcy Court's approach is an appropriate function of its authority to manage its docket and promote consistency across related actions. Critically, Defendants do not—and cannot—contend that participating in this process alters their substantive rights. *See id*. at 3 (stating only that they cannot "meaningfully or conclusively litigate damages at this stage").[3] The process is subject to broad reservations of rights, and Defendants will have a full and fair opportunity to present their damages theories. And if Defendants wish to appeal the Bankruptcy Court's ruling, they will be back before this Court.

***Second***, fact discovery in the Adversary Proceeding is currently proceeding under the *Case Management and Scheduling Order* [Adv. Dkt. No. 117] (the "**Scheduling Order**") entered by

---

[2] The Bankruptcy Court's order is attached as **Exhibit A**. The Litigation Administrator submitted its opening brief on October 10, 2025. [Adv. Dkt. No. 133]. Defendants' response brief is due November 21, 2025.

[3] Defendants' cases are inapposite. *See* Oct. 15 Letter at 3 (citing *Zhao v. Ke Zhang Inc.*, No. 18 CIV. 6452 (EK) (VMS), 2025 WL 2774403, at *5 (E.D.N.Y. Aug. 15, 2025), *report and recommendation adopted*, No. 18-CV-6452 (EK)(VMS), 2025 WL 2773022 (E.D.N.Y. Sept. 29, 2025); *Delmar Int'l (USA) Inc. v. MVP Grp. Int'l, Inc.*, No. 23 CIV. 4289 (PGG), 2024 WL 5400283, at *1 (S.D.N.Y. Aug. 14, 2024). In each of the cited cases, the Court delayed the entry of default judgments where joint liability risked inconsistent outcomes if one defendant defaulted and another prevailed. Here, the Bankruptcy Court is seeking to ***avoid*** inconsistent outcomes by establishing a uniform damages calculation methodology across thousands of avoidance actions.

3

the Bankruptcy Court. The Bankruptcy Rules are clear that when a motion to withdraw the reference has been filed, the proceedings in the Bankruptcy Court continue unless a stay has been entered. *See* Fed. R. Bankr. P. 5011(c) ("a [motion to withdraw the reference] does not stay proceedings in a case or affect its administration"). As set forth in the Litigation Administrator's *Opposition to Defendants' Motion to Withdraw the Reference* [Dkt. No. 18] and *Opposition to Defendants' Motion to Stay Discovery* [Dkt. No. 33], this action is not stayed by the Private Securities Litigation Reform Act (PSLRA) or the Securities Litigation Uniform Standards Act (SLUSA), and the Court should not order a stay. Even if Defendants are entitled to a jury trial on certain of their claims, courts in this District allow the Bankruptcy Court to administer complex cases until they are ready for trial. *See* [Dkt. No. 33] at 7-8.

Chief Judge Glenn has presided over the Debtors' chapter 11 cases and related litigations for more than three years and has developed deep familiarity with the complex facts underlying the Adversary Proceeding. The Bankruptcy Court is the proper forum to manage this case until trial. Litigation in the Bankruptcy Court is proceeding in the same manner it would if the litigation were in this Court. *See Case Management and Scheduling Order* [Adv. Dkt. No. 117] (fact discovery followed by expert discovery followed by dispositive motions). Contrary to Defendants' suggestion that discovery is "inappropriate" or might be rendered "moot," the Litigation Administrator's issuance of discovery requests and deposition notices is in compliance with the Bankruptcy Court's Scheduling Order, consistent with how the case would progress if it were before this Court, and the efficient use of judicial resources.

Defendants argue that they must choose between waiting for this Court's ruling or litigating in the Bankruptcy Court. Oct. 15 Letter at 4 ("Defendants face the untenable choice of resting on their rights while losing the opportunity to engage in fulsome bilateral discovery or participating in discovery while losing the protections under applicable federal law."). This is not true. The rules expressly contemplate that referred proceedings continue absent a stay. *See* Fed. R. Bankr. P. 5011(c). The Bankruptcy Court's management of this case promotes efficiency and uniformity while fully preserving Defendants' rights. The Adversary Proceeding can and should continue to proceed before the Bankruptcy Court.

Respectfully submitted,

*/s/ Aaron Colodny*
Aaron Colodny

*Counsel to the Litigation Administrator*

4

# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 ) |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) ) |
| Post-Effective Date Debtors. | ) (Jointly Administered) ) |
| | ) |
| Mohsin Y. Meghji, as Representative for the Post-Effective Date Debtors, | ) ) ) |
| | ) Adv. Proc. No. 24-03667 (MG) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ALEXANDER MASHINSKY, SHLOMI DANIEL LEON, HANOCH GOLDSTEIN, RONI COHEN-PAVON, HARUMI URATA-THOMPSON, JEREMIE BEAUDRY, JOHANNES TREUTLER, KRISTINE MEEHAN MASHINSKY, ALIZA LANDES, AM VENTURES HOLDINGS INC., KOALA1 LLC, KOALA2 LLC, KOALA3 LLC, ALCHEMY CAPITAL PARTNERS, LP, BITS OF SUNSHINE LLC, AND FOUR THIRTEEN LLC, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

---

[1] The post-effective date debtors in the Chapter 11 cases (collectively, the "**Post-Effective Date Debtors**"), along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these Chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

|  | ) |  |
| --- | --- | --- |
| In re: | ) |  |
|  | ) |  |
| CELSIUS CUSTOMER PREFERENCE ACTIONS. | ) ) | Adv. Proc. No. 24-04024 (MG) |
|  | ) |  |
|  | ) |  |
|  | ) |  |

## ORDER ESTABLISHING BRIEFING SCHEDULE AND PROCEDURES REGARDING DAMAGES IN CONNECTION WITH AVOIDANCE ACTIONS

Upon the *Order Requesting Briefing Schedule* [Dkt. No. 8192] (the "**Briefing Order**") requesting a single briefing schedule for Mohsin Y. Meghji, as Representative for the Post-Effective Date Debtors (the "**Litigation Administrator**"), on the one hand, and the defendants in certain actions brought by the Litigation Administrator, on the other hand (collectively, "**Defendants**"); and the Court having jurisdiction to enter this order; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the record of all of the proceedings before the Court; the Court finds and determines that the below briefing schedule and procedures are in the best interest of the Litigation Administrator and Defendants, that the Litigation Administrator has provided due and adequate notice of this matter, and that no other notice is necessary, and that just and sufficient cause exists to grant the relief requested herein, it is hereby:

**ORDERED**, that the schedule and procedures attached hereto as **Exhibit 1** are hereby approved.

**ORDERED**, that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order; and

**ORDERED**, that this Order shall be effective immediately upon its entry.

**IT IS SO ORDERED.**

Dated:   October 7, 2025
         New York, New York

                                              **/s/Martin Glenn**
                                              Martin Glenn
                                              United States Bankruptcy Judge

**Exhibit 1**

**Briefing Schedule and Procedures Regarding
Damages in Connection with Certain Avoidance Actions**

- Issues: Subject to the Individual Damages Assessment/Reservation of Rights set forth below, the Court will determine the following issues regarding the amount and kind of damages recoverable by Mohsin Y. Meghji, as Representative for the Post-Effective Date Debtors (the "**Litigation Administrator**"), in connection with certain avoidance actions (collectively, the "**Damages Issues**"):

    1) Is the Litigation Administrator entitled to recover either (a) the allegedly transferred digital assets if they remain in the applicable Defendant's possession, custody or control or, alternatively, (b) their value?

    2) If the Litigation Administration is entitled to recover the value of any allegedly transferred digital assets, what value is the Litigation Administrator entitled to recover if the allegedly transferred digital assets:

        a) Have appreciated since they were transferred from Celsius?

        b) Have depreciated since they were transferred from Celsius?[2]

- Parties: The following parties will participate in briefing and argument regarding the Damages Issue:

    1) The Litigation Administrator;

    2) The defendants in the Celsius customer preference actions (Adv. Proc. No. 24-04024 (MG)) (the "**Customer Defendants**"); and

    3) The defendants in the insider actions (Adv. Proc. No. 24-03667 (MG)) (the "**Insider Defendants**"; together with the Customer Defendants, the "**Defendants**").[3]

- Briefing Schedule – The following schedule shall govern briefing on the Damages Issue:

    1) The Litigation Administrator shall file an opening brief by October 10, 2025;

    2) Each of the Customer Defendants and the Insider Defendants shall coordinate amongst themselves and file a joint response brief (i.e., two briefs in total, one by the Customer Defendants and one by the Insider Defendants) by November 21, 2025; and

---

[2] The Litigation Administrator reserves the right to seek relief in individual proceedings with respect to the valuation of transferred CEL Token, including the right to seek recovery of the transfer date value of CEL Token transferred to the Insider Defendants. All Defendants reserve all rights.

[3] For the avoidance of doubt, the rights of all other parties in connection with the Damages Issues are expressly reserved.

3) The Litigation Administrator shall file a reply brief by December 12, 2025.

- <u>Page Limits</u> – The following page limits shall govern briefing:

    - The Litigation Administrator's opening brief shall not exceed 30 double-spaced pages;

    - Defendants' joint response briefs shall not exceed 30 double-spaced pages each; and

    - The Litigation Administrator's reply brief shall not exceed 20 double-spaced pages.

- <u>Discovery</u> – No discovery shall be permitted in connection with the above briefing.

- <u>Hearing</u> – Pursuant to the Briefing Order, following the close of briefing, the Court will schedule a non-evidentiary hearing.

- <u>Defendants' Reservation of Rights</u> – The amount of damages, if any, as to any individual Defendant will be determined based on the facts and circumstances of that Defendant's particular case, and will be decided only if and when judgment is entered against such Defendant on liability. All arguments in respect of the amount of damages, if any, for which any Defendant may be liable based on the facts and circumstances of the Defendants' case, including any arguments that a Defendant may raise regarding any alleged sale, loss, theft or other disposition of assets allegedly transferred to the Defendant by Celsius or otherwise, are expressly reserved, and such arguments need not be raised by any Defendant in the briefing contemplated herein and are not before the Court for consideration at this time. Defendants further reserve the right to raise (including in their briefing pursuant to this Order) any arguments they believe to be applicable to the Damages Issues, including (a) that any or all of the Damages Issues set forth above are not pure issues of law but, instead, in whole or in part, depend on the facts and circumstances applicable to each Defendant and the Debtors' cases and therefore can only be decided by the finder of fact, including any jury if the Defendant is entitled to trial by jury, after discovery and the presentation of evidence, and/or (b) that even if the Damages Issues are, in whole or in part, pure issues of law, the Court lacks constitutional authority to enter a final order or judgment on those issues as to those Defendants that did not file proofs of claim in these bankruptcy cases.

- <u>Litigation Administrator's Reservations of Rights</u> – The Litigation Administrator reserves the right to oppose any argument Defendants may make.