

475 Wall St., Princeton, NJ 08540   |   Tel: (646) 245-8502   |   Fax: (609) 380-0745   |   jradice@radicelawfirm.com

**Via ECF**

December 3, 2025

The Honorable Stacey D. Adams, United State Magistrate Judge
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, NJ 07101

      Re:    *Kaplan et. al, v. Mashinsky, et al.*
              Case No. 2:22-cv-04560-SDW-SDA

Dear Judge Adams,

      I am liaison counsel for the Lead Plaintiffs in the above-captioned action and write on behalf of Lead Plaintiffs to respectfully request a status conference to address whether the PSLRA discovery stay should be partially modified in light of ongoing and imminent discovery in the related Celsius bankruptcy adversary proceeding pending in the Southern District of New York ("S.D.N.Y."), *Meghji v. Mashinsky (In re Celsius Network LLC),* No. 1:25-cv-1414 (the "Adversary Proceeding"). Since Defendants' last correspondence (ECF No. 140), the S.D.N.Y. District Court denied Defendants' motion to stay to discovery. Further, the Litigation Administrator in the Adversary Proceeding has now moved to modify the scheduling order, to obtain leave to depose Mr. Mashinsky in prison, and to secure a Hague Letter to depose former CRO Roni-Cohen Pavon, motions that underscore that fact discovery in that forum is accelerating and will include depositions of Defendants and core witnesses. Although we are mindful of judicial economy while the transfer motion is under consideration, the discovery schedule in the Adversary Proceeding is too compressed for the continuation of the PSLRA discovery stay without causing irreparable prejudice to Lead Plaintiffs.

      The requested relief is limited to: (i) obtaining access to document productions made in the Adversary Proceeding, and (ii) meaningfully participating in the depositions noticed there. This request is consistent with the PSLRA, which permits discovery where "particularized discovery is necessary to preserve evidence or to prevent undue prejudice." 15 U.S.C. §78u-4(b)(3)(B). Courts in this Circuit and elsewhere recognize that such targeted requests fall squarely within the PSLRA's exception for "particularized" discovery necessary to prevent undue prejudice. *In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*, No. 05-2369, 2006 WL 2050577, at *3-4 (D.N.J. July 11, 2006*)*; 15 U.S.C. §78u-4(b)(3)(B).

      Without modest relief from the PSLRA stay, Lead Plaintiffs will be materially prejudiced. Discovery in the Adversary Proceeding concerns similar facts, participants, and issues as those presented here. Courts in this District and elsewhere have recognized that undue prejudice exists

December 3, 2025

where plaintiffs, unlike other litigants or government agencies, lack access to the "core documents" necessary to make informed litigation decisions during fast-moving parallel proceedings. *In re Lucent Techs., Inc. Sec. Litig.*, No. 00–621, 2002 WL 32818345, at *3 (D.N.J. July 22, 2002); *In re Royal Dutch/Shell Transp. Sec. Litig.*, No. 04-374, 2005 WL 8179784, at *1 (D.N.J. Feb. 15, 2005). In such a situation, plaintiffs "would be unable to make informed decisions about their litigation strategy in a rapidly shifting landscape because they are the only major interested party without documents forming the core of their proceedings." *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, No. 09-md-2058, 2009 WL 4796169, at *2 (S.D.N.Y. Nov. 16, 2009); *see also Seippel v. Sidley, Austin, Brown & Wood LLP*, No. 03-6942, 2005 WL 388561, at *2 (S.D.N.Y. Feb. 17, 2005) (finding "prejudice" where plaintiffs lacked access to documents already produced elsewhere). This concern is heightened here given the upcoming deadlines in the Adversary Proceeding, the impending deposition of Defendant Mashinsky, and the substantial regulatory and bankruptcy discovery already completed.

Courts routinely lift the stay where parallel proceedings are moving ahead and the securities plaintiffs risk falling behind. See *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 305–06 (S.D.N.Y. 2002) (lifting stay where other investigations were "moving apace" and plaintiffs would be disadvantaged without access to overlapping discovery); *In re Delphi Corp.*, No. 05-md-1725, 2007 WL 518626, at *6–7 (E.D. Mich. Feb. 15, 2007) (modifying stay to avoid leaving plaintiffs "with nothing" as bankruptcy and regulatory actions progressed).

Moreover, targeted access to materials previously produced in other proceedings aligns fully with the PSLRA's purpose. Indeed, courts also routinely hold that requests limited to materials already produced in other proceedings, like those at issue here, are sufficiently particularized and impose no meaningful burden. *See Id.*, at *4 ("already assembled and produced" materials constitute a "closed universe" appropriate for partial modification of the discovery stay to allow production of those materials); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 250 (D. Md. 2004) (requests for documents previously produced to governmental and regulatory bodies are particularized). The Third Circuit similarly recognizes the district court's broad discretion to tailor the stay where necessary to avoid inequity. *In re Cendant Corp. Sec. Litig.*, 260 F.3d 183, 196 (3d Cir. 2001).

Modifying the stay is consistent with PSLRA policy. Courts in this Circuit have recognized that the PSLRA stay is meant to prevent burdensome fishing expeditions, not to bar access to an already assembled set of documents that has been produced to regulators, bankruptcy parties, and other litigants. *Merck*, 2006 WL 2050577, at *3; *see also Royal Dutch/Shell*, 2005 WL 8179784, at *1; *In re FirstEnergy Corp. Sec. Litig.*, No. 20-3785, 2021 WL 2414763, at *5 (S.D. Ohio June 14, 2021). Nothing in the statute requires securities plaintiffs to fall behind regulators, bankruptcy fiduciaries, and other litigants who are all receiving the same evidence. Given the guilty pleas, the litany of investigations, and allegations of wrongdoing, there can be no argument Lead Plaintiffs' claims here are frivolous. It is respectfully submitted that the modification of the stay will not cause undue prejudice for Defendants and will instead increase the efficiencies for all parties given the impending overlapping discovery in the Adversary Proceeding.

Given these developments, and while the transfer motion remains under submission, we respectfully submit that a short status conference is necessary to address this discrete and time-sensitive issue so that Lead Plaintiffs do not suffer undue prejudice while discovery in the Adversary Proceeding advances.

December 3, 2025

  Defendants Harumi Urata-Thompson, Jeremie Beaudry, and Kristine Meehan oppose any modification to the stay.

            Sincerely,

             */s/ John Radice*

            John Radice

cc: Counsel for all parties (*via* ECF)